R. P. WAGNER, SR. ET AL v. ALICE WARNASCH ET AL.

No. A-5937. Decided November 28, 1956.
(295 S.W. 2d Series 891)

*W. D. Bryan,* of Sealy, and *Richard Spinn,* of Brenham, for petitioners.

The Court of Civil Appeals erred in holding that the original judgment, being a consent judgment, was no more than a dismissal order by agreement, following a settlement between the parties, and that same was not a legal judgment enforceable by any other court of competent jurisdiction, and merely established the existence of a contract. Hunt Production Co. v. Burrage, Texas Civ. App., 104 S.W. 2d 84, 87; Id., Texas Civ. App., 114 S.W. 2d 1228; Allen v. Woodward, 111 Texas 457, 239 S.W. 602; 31 Am. Jur., Enforcement of Judgments, Sec. 882.

*J. P. Hart,* of La Grange, for respondents.

In response cited Prince v. Frost Johnson Lbr. Co., 250 S.W. 785; Brady v. Hyman, 230 S.W. 2d 342; Empire Gas & Fuel Co. v. Railroad Com. of Texas, 94 S.W. 2d 1240.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

The appeal is from an order of the district court of Austin County on a motion to enforce a judgment theretofore rendered by that court. The Court of Civil Appeals reversed the trial court's order and rendered judgment denying the relief sought. 291 S.W. 2d 389.

The proceedings out of which the present litigation arose were instituted in December, 1953, by the filing of a petition by Alice Warnasch, Caro Lynn Warnasch, and Louise Krivacka, hereinafter referred to collectively as the Warnasches, seeking to establish a roadway easement over the lands of R. P. Wagner, Sr., and Joe Angle. That suit resulted in an agreed judgment granting the Warnasches a right of way over the lands of the defendants and also over the land of one Carl D. Neumann, who made himself a party to the agreement. As a part of the agreement the Warnasches obligated themselves to construct or cause to be constructed cattle guards at designated locations, same to

be built according to plans and specifications attached to the agreement and made a part thereof. Other obligations were imposed upon the Warnasches, but they are of no importance here. The judgment entered by the court decreed that "The above and foregoing agreement having been announced in open court before all parties present and all parties having signified to the Court their approval thereof, the same is hereby adopted by the Court and shall constitute a final judgment in this cause from which no party to this cause has evidenced any right of appeal."

The motion upon which the order in the instant case was entered recognized the agreed judgment as a final judgment of the court binding on all parties thereto. After reciting that the Warnasches had failed to construct the cattle guards described in the agreement, the motion requested the court to issue a show cause order directed to the Warnasches commanding them to appear and show cause why the cattle guards should not be constructed according to the plans and specifications attached to the judgment, and in the event of continued willful failure to do so why the court should not appoint a commissioner to construct the cattle guards under the orders of the court at the expense of the Warnasches. There was an alternative plea that the Warnasches be adjudged to be in contempt of court. The relief sought is set out specifically in the prayer as follows:

"WHEREFORE, Petitioners make known to the court that they desire the aforesaid Show Cause Order to be issued and served upon Alice Warnasch, Carolynn Warnasch and Louise Krivacka et vir, Joe Krivacka, and for a hearing hereon and at said hearing that this court exercise jurisdiction of said judgment to the extent of enforcing the same by appointment of a commissioner as heretofore prayed for in the alternative, your Petitioner prays that upon hearing hereof, that the said parties be adjudged to be in contempt of this court and be sent to jail until they purge themselves of such contempt."

The order entered by the court finds that the agreed judgment was a final judgment and decree of the court; that the movents had fully complied on their part with the obligations of that judgment, but that the Warnasches had not complied with the obligations of the judgment in respect to having the cattle guards constructed. The order recited that the court had authority to enforce the execution of its judgment under the provisions of Article V, Sec. 8, of the Constitution of Texas,

Articles 1914 and 2217, Vernon's Civil Statutes of Texas, and Rule 308, Texas Rules of Civil Procedure, and then decreed that the Warnasches should construct the cattle guards at their own expense within sixty days and report to the court not later than sixty days from the date of the order that they had complied therewith, and that failure to do so should render them "* * * in contempt of this court and they shall remain in contempt of this court until they shall have purged themselves by performing the orders, judgments and mandatory decrees of this court as herein set forth."

■ It is to be observed that the relief prayed for in the motion was not granted in the court's order. That relief was (1) the appointment of a commissioner to construct the cattle guards, and (2) that the Warnasches be adjudged to be in contempt of court, and that they "be sent to jail until they purge themselves of such contempt." The order does not appoint a commissioner. It does adjudge that failure of the Warnasches to report to the court within sixty days that they have complied with the court's judgment should render them in contempt of court, but it does not prescribe any punishment for contempt. A further order would be required after a hearing to determine whether an act of contempt had been committed, and, if so, assess the penalty therefor.

■ It seems clear that the order is not a final, appealable judgment. In effect, it merely imposes upon the Warnasches the same obligations which were imposed by the consent judgment. Under that judgment they were obligated to construct these cattle guards within a reasonable time, and the only effect of the order under review is to fix the limit of time within which the parties were to comply with that order, and provide that if they did not do so within that time they would be in contempt of court. The order did not finally preclude further proceedings in the court below. It was not a final judgment disposing of the issues before the court. To be final a judgment must determine the rights of the parties and dispose of all the issues involved so that no future action by the court will be necessary in order to settle and determine the entire controversy. This familiar rule is established by many cases, a number of which are cited in 3 Texas Jur., p. 126, Sec. 62. In Linn v. Armabould, 55 Texas 611, 618, this court quoted with approval from Freeman on Judgments as follows: "But an order or decree, made for the purpose of carrying a judgment or decree already entered into effect, is not a final judgment or decree, and cannot be appealed from as such." The order in this case was made for the sole

purpose of expediting the carrying into effect of a judgment already entered, and it falls squarely within the rule just quoted. The consent judgment was admittedly a final judgment, and if the order was also a final judgment, then there were two final judgments in the same case.

■ If, by a liberal construction, the order should be held to be a judgment of contempt, it would, nevertheless, not be an appealable order. This statement of the rule in 9 Texas Jur., Contempt, Sec. 45, is well supported by the authorities there cited. "A judgment of a court convicting a person of contempt is not subject to revision in any other tribunal, unless specially authorized by statute. In Texas the statutes made no provision for an appeal from an adjudication and commitment for contempt, and none for review by writ of error." Relief must be sought by an application for a writ of habeas corpus.

■ The questions above discussed were not raised in this court or in the Court of Civil Appeals. We fully recognize that the authority of the Court of Civil Appeals and of this court to take notice of unassigned errors is very much limited in its scope, but there can be no question of the authority of either of the courts to reverse a case for fundamental error, if that error is one of jurisdiction. Not to do so would be to permit the parties to confer jurisdiction on the court.

■ The Court of Civil Appeals regarded the consent judgment as being merely a dismissal order by agreement following settlement between the parties, and the motion to enforce the judgment as being in the nature of an independent suit for specific performance of an executory contract for which the parties had an adequate remedy at law. We cannot adopt that view. A judgment by consent is contractual in its nature and should be so construed, but it is more than a mere contract between the parties. We agree with the views expressed on this particular question in the dissenting opinion. It is unnecessary to cite again the authorities therein relied upon, but in addition to those authorities we quote from 31 Amer. Jur., Judgments, Sec. 463, as follows: "The fact that a judgment is rendered by consent gives it neither less nor greater force or effect than it would have had it been rendered after protracted litigation, except to the extent that the consent excuses error and operates to end all controversy between the parties." The consent judgment in this case was, in effect, mandatory, and imposed upon the Warnasches the obligation to construct the cattle guards just as certainly as if that obligation had been imposed by the court after trial on the merits.

Respondents on oral argument attacked the validity of the consent judgment on various grounds. Since no appealable judgment was rendered in the trial court, those questions cannot be considered in this proceeding.

The judgment of the Court of Civil Appeals is set aside, and the appeal is dismissed.

Opinion delivered November 28, 1956.