NO.
12-06-00136-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

§                      APPEAL FROM THE 

IN THE INTEREST OF

§                      COUNTY COURT AT LAW

E.V.M., A CHILD

§                      CHEROKEE COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            Patrick
Dickerson appeals the trial court’s order finding him in contempt for violating
a previous child support order.  In four
issues, Dickerson argues that the trial court erroneously found him in
contempt.  We dismiss for want of
jurisdiction.

 

Contempt Orders

            After finding Dickerson in contempt
of court for failing, on four separate occasions, to comply with a previous
child support order, the trial court ordered that Dickerson be committed to the
county jail for 180 days for each failure, with each commitment running
concurrently.  The trial court probated
the commitments, and placed Dickerson on probation until November 19, 2010, the
date that the child being supported turns eighteen.  Dickerson now appeals the trial court’s
contempt order.

            A contempt order is reviewable only
by a petition for writ of habeas corpus (if the person in contempt is confined)
or a petition for writ of mandamus (if no confinement is involved). Cadle
Co. v. Lobingier, 50 S.W.3d 662, 671 (Tex. App.–Fort Worth 2001, pet.
denied) (citing In re Long, 984 S.W.2d 623, 625 (Tex.
1999)).  We have no jurisdiction to
consider contempt orders by direct appeal. 
Tex. Animal Health Comm’n v. Nunley, 647 S.W.2d 951, 952
(Tex. 1983); Ex parte Cardwell, 416 S.W.2d 382, 384 (Tex. 1967); Wagner
v. Warnasch, 156 Tex. 334, 339, 295 S.W.2d 890, 893 (1956). 

 

Other Relief Sought

            In
Dickerson’s brief, his counsel includes a request that this court confirm the
order dated April 24, 2006 by which the trial court appointed her to represent
Dickerson.  She expresses concern about
her authority to represent Dickerson because, on June 28, 2006, the trial court
signed an order vacating the April 24, 2006 order appointing her.  Counsel also includes a request that we order
the trial court to pay a reasonable attorney’s fee as well as the reporter’s
fee for preparing the record.[1] 
Because we do not have jurisdiction of this appeal, we take no action on
counsel’s requests.

 

            Disposition

            Because
we have no jurisdiction to consider contempt orders by direct appeal, the appeal
is dismissed for want of jurisdiction.    

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

Opinion delivered July 18, 2007.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

(PUBLISH)

 

                        











    
[1]  Counsel states in her request that “the court
of appeals ordered that the record be filed with the court of appeals and that
a brief be prepared and filed by the undersigned.”  The trial and appellate courts are jointly
responsible for ensuring that the appellate record is timely filed.  Tex.
R. App. P. 35.3(c).  This court is
also responsible for enforcing the briefing deadlines.  See Tex.
R. App. P. 38.6(d), 38.8(a).  In
this case, notices have been sent to the district clerk and court reporter
regarding the deadlines for filing the record. 
However, no order has been entered requiring that the record be
furnished without payment.  Nor has any
order been entered requiring appellate counsel to file a brief without
expectation of payment.