

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-07-437-CV

CAROL H. CANADA                                                    APPELLANT

V.

WELLS FARGO BANK, N.A.                                          APPELLEE

------------

FROM THE 393RD DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Carol H. Canada, a pro se litigant, seeks to appeal from a second corrected summary judgment in favor of Appellee Wells Fargo Bank, N.A. and an order of sale. Wells Fargo filed a motion to dismiss for want of jurisdiction. We will grant the motion and dismiss for want of jurisdiction.[2]

---

[1] *See* Tex. R. App. P. 47.4.

[2] Wells Fargo also filed two motions during the course of this appeal, entitled "Appellee's First Amended Objections to and Motion to Strike Appellant's Reply Brief" and "Appellee's Motion to Strike Appellant's References to Matters Outside the Record." By separate order, both motions

In what became a procedural nightmare, Wells Fargo brought suit against Canada to obtain a money judgment and to foreclose on certain real estate lien notes. Canada subsequently brought counterclaims against Wells Fargo. On October 28, 2005, the trial court granted summary judgment for Wells Fargo on its claims.[3] On May 22, 2006, the trial court signed an order severing the summary judgment on Wells Fargo's claims.[4] Canada filed a motion for new trial, which was overruled by operation of law.[5] *See* Tex. R. Civ. P. 329b(c). Over a year later, on November 5, 2007, the trial court signed a second corrected summary judgment to add that "an Order of Sale shall issue to any sheriff or any constable within the State of Texas, directing him to seize and

---

are denied concurrently with this opinion.

[3] That same day, the trial court also granted partial summary judgment in favor of Wells Fargo on the majority of Canada's counterclaims.

[4] That order also provided for correction of a typographical error in the court's summary judgment, and the court signed a corrected summary judgment to correct the amount of the judgment against Canada from $1,3339,765.31 to $1,339,765.31.

[5] The trial court did hold a hearing on Canada's motion for new trial and requested briefing on the issues raised at the hearing. Although it subsequently signed an order on October 18, 2006 reconfirming its summary judgment in favor of Wells Fargo, noting that Canada's claims in her motion for new trial were moot as overruled by operation of law, this order was signed outside the trial court's plenary power and, thus, was a nullity. *See* Tex. R. Civ. P. 306a(1), 329b(e); *Lane Bank Equip. Co. v. Smith S. Equip. Inc.*, 10 S.W.3d 308, 314 (Tex. 2000).

sell the same as under execution." The trial court also signed a separate order granting Wells Fargo's motion for issuance of an order of sale and reciting the same order of sale language that it added to the summary judgment.

Canada filed her notice of appeal on December 5, 2007.[6] She stated in her notice of appeal that she was appealing the November 5, 2007 second corrected summary judgment and the November 5, 2007 order.[7] Wells Fargo filed with this court a motion to dismiss Canada's appeal for lack of jurisdiction, asserting that Canada's notice of appeal was untimely.

This court does not have jurisdiction over an appeal in the absence of a final judgment or an appealable interlocutory order. *See Houston Health Clubs, Inc. v. First Court of Appeals*, 722 S.W.2d 692, 693 (Tex. 1986); *North East*

---

[6] In her first notice of appeal, Canada incorrectly named the United States Court of Appeals for the Fifth Circuit as the appellate court. She filed an amended notice of appeal on December 11, 2007, naming this court as the appellate court.

[7] In her amended notice of appeal, Canada added that she is appealing "the original and consolidated civil action." On April 17, 2007, the trial court apparently consolidated the severed summary judgment with a post-judgment lawsuit Canada filed against Wells Fargo and John Hatzenbuhler, a constable in Denton County. But this consolidation has no impact on the summary judgment at issue here—which became final on May 22, 2006 when the trial court signed the severance order. And regarding Canada's apparent attempt to appeal from the "consolidated civil action," she has not identified in her notice of appeal or her brief any appealable final judgment or order in that case. *See* Tex. R. App. P. 25.1(d)(2), 33.1(a).

*Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). Appellate timetables are calculated from the signing of a final judgment in a case. *See Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995). Generally, an otherwise interlocutory summary judgment becomes final when the trial court signs an order severing into a separate cause the parties and claims addressed in the judgment. *Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.*, 63 S.W.3d 795, 795 (Tex. 2001); *see also Thompson v. Beyer*, 91 S.W.3d 902, 904 (Tex. App.—Dallas 2002, no pet.) ("As a rule, a severance of an interlocutory judgment into a severed action makes it final if all claims in the severed action have been disposed of, unless the order of severance indicates further proceedings are to be had in the severed action."). When a severance order takes effect, the appellate timetable runs from the signing date of the order that made the judgment severed "final" and appealable. *Martinez v. Humble Sand & Gravel, Inc.*, 875 S.W.2d 311, 313 (Tex. 1994).

To perfect an appeal, a party must file a written notice of appeal with the trial court within thirty days after the trial court signs the judgment. Tex. R. App. P. 26.1. But if any party timely files a motion for new trial, then the notice of appeal is not due until ninety days after the trial court signs the judgment. Tex. R. App. P. 26.1(a)(1). Absent a timely filed notice of appeal,

4

we must dismiss the appeal. *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

Here, the October 28, 2005 summary judgment disposed of all claims by Wells Fargo against Canada. It remained interlocutory because of Canada's remaining counterclaims against Wells Fargo. When the trial court signed the severance order, the summary judgment on Wells Fargo's claims became a final judgment. *See Diversified Fin. Sys., Inc.*, 63 S.W.3d at 795; *Thompson*, 91 S.W.3d at 904. Thus, the appellate timetable for appealing the summary judgment on Wells Fargo's claims ran from the date of the order of severance—May 22, 2006. *See Farmer*, 907 S.W.2d at 496; *Martinez*, 875 S.W.2d at 313. Although Canada filed a motion for new trial, she did not file notice of appeal within ninety days of the severance.[8] *See* Tex. R. App. P.

---

[8] The record contains an order—entered on August 7, 2006—entitled, "Order Granting Plaintiff Wells Fargo Bank, National Association's Motion for Leave to Reduce Time of Notice of Hearing or Submission and Time to File Responses to Motions for Summary Judgment," setting Wells Fargo's motion for summary judgment for submission at a later date. Canada argues that this order rendered the original summary judgment "non-final for purposes of appeal." But the trial court did not grant Canada's motion for new trial, and it was consequently overruled by operation of law. *See* Tex. R. Civ. P. 329b(c). Even if this order somehow vacated the original summary judgment and the trial court's October 18, 2006 order reconfirming summary judgment for Wells Fargo could be construed as the final order, Canada's notice of appeal, filed almost ten months after the October 18, 2006 order was entered, was still untimely. *See* Tex. R. App. P. 26.1.

5

26.1(a)(1). Canada did file notice of appeal within thirty days after the trial court signed the November 5, 2007 order granting Wells Fargo's motion for issuance of an order of sale and second corrected summary judgment, but at that time, she could only appeal complaints that would not be applicable to the summary judgment effective on May 22, 2006—the date of severance. *See* Tex. R. Civ. P. 306a(6); Tex. R. App. P. 4.3(b); *Pruet v. Coastal States Trading, Inc.*, 715 S.W.2d 702, 704 (Tex. App.—Hous. [1st Dist.] 1986, no writ) (holding that if trial court corrects mistakes by way of a judgment nunc pro tunc after expiration of plenary power, then court of appeals has no authority to hear any complaint that could have been presented in appeal from the original judgment).

To the extent that Canada attempts to raise complaints that could have been presented in an appeal from the May 22, 2006 severance order, her appeal is untimely. *See* Tex. R. Civ. P. 306a(6); Tex. R. App. P. 4.3(b); *Pruet*, 715 S.W.2d at 704. And to the extent that Canada complains of the order of sale language included in the second corrected judgment and in the corresponding order,[9] which are the only complaints not challengeable in an

---

[9] In convoluted arguments to this court, without citation to the record or authorities, Canada asserts generally that the trial court erred by adding the order of sale language to its judgment outside of its plenary power and that the court, by adding the order of sale language, violated the automatic stay imposed in a separate bankruptcy proceeding filed by Canada.

appeal from the original summary judgment, the inclusion of that order of sale language was a non-substantive addition that merely provided for enforcement of the original judgment for foreclosure and is not appealable. *See Wagner v. Warnasch*, 156 Tex. 334, 338, 295 S.W.2d 890, 893 (1956); *Wall Street Deli, Inc. v. Boston Old Colony Ins. Co.*, 110 S.W.3d 67, 69–70 (Tex. App.—Eastland 2003, no pet.).

Although the trial court's plenary power had long expired when it signed the second corrected summary judgment on November 5, 2007, it could still amend its judgment to include the order of sale language. *See* Tex. R. Civ. P. 329b(f) (providing that court may at any time correct a clerical error in the record of a judgment and render judgment nunc pro tunc); *Andrews v. Koch*, 702 S.W.2d 584, 585 (Tex. 1986) ("A clerical error is one which does not result from judicial reasoning or determination."); *Reynolds v. Harrison*, 635 S.W.2d 845, 846 (Tex. App.—Tyler 1982, writ ref'd n.r.e.) ("[D]irections for carrying a judgment into effect, which do not change or modify the judgment with respect to matters put in issue and determined by the judgment, may be inserted or modified by amendment."). The trial court's original and first corrected summary judgment did not include the order of sale language required under rule of civil procedure 309, which requires that judgments for foreclosure of liens shall direct that an order of sale shall issue to any sheriff or constable

7

in Texas. *See* Tex. R. Civ. P. 309. The addition of the order of sale language to the judgment, however, did not "effect a substantive change in the court's order;" rather it added necessary directions for carrying the judgment into effect. *Dickens v. Willis*, 957 S.W.2d 657, 659 (Tex. App.—Austin 1997, no pet.) (citing *Escobar v. Escobar*, 711 S.W.2d 230, 231–32 (Tex. 1986)); *see Reynolds*, 635 S.W.2d at 846. The trial court also had the power, even after its plenary power expired, to enforce its judgment, and the November 5, 2007 order granting Well's Fargo's motion for issuance of an order of sale was made for the purpose of carrying into effect the court's prior judgment and was not a final judgment from which appeal may be taken. *See Arndt v. Farris*, 633 S.W.2d 497, 499 (Tex. 1982) (orig. proceeding); *Wagner*, 156 Tex. at 338, 295 S.W.2d at 893; *Wall Street Deli, Inc.*, 110 S.W.3d at 69–70; *see also* Tex. R. Civ. P. 308 ("The court shall cause its judgments and decrees to be carried into execution."); Tex. Gov't Code Ann. § 21.001(a) (Vernon 2004) ("A court has all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders, including authority to issue the writs and orders necessary or proper in aid of its jurisdiction."). The order of sale was more of a ministerial act incident to the final judgment, akin to a writ of execution. *See Wolter v. Donaldson*, 79 S.W.3d 160, 162 (Tex. App.—Texarkana 2002, no pet.) (noting that neither a writ of execution nor an order incident to a writ of execution is

appealable).  Thus, because Canada's complaints concerning the November 5, 2007 second corrected summary judgment and order of sale challenged non-substantive changes to the original summary judgment, no appeal may be taken concerning these claims.  *See Wall Street Deli, Inc.*, 110 S.W.3d at 69–70; *see also* Tex. R. Civ. P. 301 ("Only one final judgment shall be rendered in any cause except where it is otherwise specifically provided by law.")

Having determined that we do not have jurisdiction over Canada's attempts to appeal from the summary judgment severed on May 22, 2006, and having determined that Canada's complains concerning the November 5, 2007 second corrected summary judgment and order of sale challenge only non-substantive changes—the addition of enforcement language—which are not appealable, we grant Wells Fargo's motion to dismiss for want of jurisdiction. *See* Tex. R. App. P. 25.1(b), 42.3(a), 43.2(f); *Verburgt*, 959 S.W.2d at 617.

SUE WALKER
JUSTICE

PANEL: CAYCE, C.J.; WALKER and MCCOY, JJ.

DELIVERED: February 5, 2009