# NO. 12-09-00093-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *HENDERSON MEMORIAL HOSPITAL,* *APPELLANT* | § | *APPEAL FROM THE 4TH* |
| *V.* | § | *DISTRICT COURT OF* |
| *DOROTHY WHITE,* *APPELLEE* | § | *RUSK COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Dorothy White sued Henderson Memorial Hospital for medical malpractice. The hospital appeals the trial court's order denying its second motion to dismiss. In two issues, the hospital argues this denial was an abuse of discretion. We dismiss for want of jurisdiction.

## BACKGROUND

On April 1, 2008, White filed a medical malpractice lawsuit against the hospital for treatment received in its emergency department. On July 28, as required by section 74.351 of the Texas Civil Practice and Remedies Code, White served the hospital with expert reports from Gregory Skie, M.D., a board certified emergency medicine physician, and Kristi Wiggins, a registered nurse.[1] On August 13, the hospital filed objections to these reports and moved to dismiss the case against it.

The trial court held a hearing on the objections and motion to dismiss on September 18. At the conclusion of the hearing, the trial court stated, "I will review the cases that have been provided and cited, and hopefully by tomorrow I'll have a decision for you." On September 19, the trial court held two unreported telephone conferences with the parties. The trial court stated that White was to be given a thirty day extension to cure deficiencies in her section 74.351 report. The court then "requested that an Order

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (Vernon Supp. 2009).

outlining [its] findings [as to deficiencies] be submitted."[2]  Counsel for the hospital prepared a proposed order and forwarded it to White's counsel.  However, the parties failed to reach an agreement regarding the proposed order.

The hospital filed a second motion to dismiss on November 13, 2008.  The hospital alleged that White's thirty day extension ran from the date of the trial court's September 19 telephone conferences.  As such, the hospital argued that White's deadline to amend had expired and that White's lawsuit against it should be dismissed.

The trial court held a hearing on the hospital's second motion to dismiss on February 17, 2009.  At that hearing, the trial court orally denied the second motion to dismiss.  The court also signed a written order setting forth its findings of deficiencies in White's section 74.351 report, granting White a thirty day extension from the date of that order, and denying all other relief sought by the hospital.  The hospital orally requested that it be allowed to submit a proposed order to the trial court memorializing that the second motion to dismiss had been denied.  The trial court agreed to the request and signed an order explicitly denying the second motion to dismiss on February 27, 2009. This interlocutory appeal followed.

## JURISDICTION

White has challenged our jurisdiction of this interlocutory appeal.  Therefore, we will begin our analysis by considering our jurisdiction.

## Applicable Law

Unless specifically authorized by statute, Texas appellate courts may review only final orders or judgments.  *Jack B. Anglin Co., Inc,. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992).  As a general rule, a final order or judgment is one that finally disposes of all remaining parties and claims, based on the record, regardless of its language.  *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001); *see also Wagner v. Warnasch*, 156 Tex. 334, 338, 295 S.W.2d 890, 892 (1956) (final order disposes of all issues and parties "so that no future action by the trial court will be necessary in order to settle and determine the entire controversy").  Therefore, absent specific statutory

___

[2] We have no record from these telephone conferences other than one docket entry.  The docket entry reads "Objection to Expert Reports sustained.  Π given 30 days to supplement reports as to nurse examination + causation."  For purposes of this opinion, we have relied upon the representations made by the parties in relation to the hospital's second motion to dismiss in order to discern what occurred during the telephone conferences.

authorization, we lack jurisdiction to review the hospital's interlocutory appeal. *See Jack B. Anglin*, 842 S.W.2d at 272.

Under section 74.351, a health care liability claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (Vernon Supp. 2009). "If an expert report has not been served within the period specified . . . because elements of the report are found deficient, the [trial] court may grant one 30-day extension to the claimant in order to cure the deficiency." TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(c) (Vernon Supp. 2009). If the claimant does not receive notice of the court's ruling granting the extension until after the 120 day deadline has passed, then the thirty day extension shall run from the date the plaintiff first received the notice. *Id.*

Section 51.014 of the Texas Civil Practice and Remedies Code provides for interlocutory appellate jurisdiction from a trial court's order that "denies all or part of the relief sought by a motion [to dismiss] under Section 74.351(b), except that an appeal may not be taken from an order granting an extension under Section 74.351." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(9) (Vernon 2008). However, we must strictly construe section 51.014 as "a narrow exception to the general rule that only final judgments and orders are appealable." *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001). Taking an expansive view of section 51.014 would be inappropriate. *See id.*

**Discussion**

Here, the hospital alleged that White's section 74.351 expert report was deficient. The record reflects that the trial court agreed, but wished to delineate its exact findings of deficiencies in a written order. It did so on February 17, 2009 at the hearing on the hospital's second motion to dismiss. Because this was the time selected by the trial court to specifically declare its findings of deficiencies, notice of any found deficiencies began on that day, and it was appropriate for the trial court to order that the thirty day extension ran from that day as well. *Cf.* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(c) ("If the claimant does not receive notice of the court's ruling granting the extension until after the 120-day deadline has passed, then the 30-day extension shall run from the date the plaintiff first received the notice.").

3

As noted above, section 51.014 provides for interlocutory appellate jurisdiction from a trial court's order that "denies all or part of the relief sought by a motion [to dismiss] under Section 74.351(b), except that an appeal may not be taken from an order granting an extension under Section 74.351." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(9). The Texas Supreme Court has explained that "[t]his prohibition is both logical and practical." *Ogletree v. Matthews*, 262 S.W.3d 316, 321 (Tex. 2007).

> If a defendant could immediately (and prematurely) appeal, the court of appeals would address the report's sufficiency while its deficiencies were presumably being cured at the trial court level, an illogical and wasteful result. Moreover, because the Legislature authorized a single, thirty day extension for deficient reports, health care providers face only a minimal delay before a report's sufficiency may again be challenged and the case dismissed, if warranted.

*Id.*

The *Ogletree* court interpreted section 51.014 to provide that if a deficient report is served and the trial court grants a thirty day extension, that decision, even if coupled with a denial of a motion to dismiss, is not subject to interlocutory appellate review. *Id.* This is because the actions denying the motion to dismiss and granting an extension are inseparable. *Id.* As the court explained,

> [t]he statute plainly prohibits interlocutory appeals of orders granting extensions, and if a defendant could separate an order granting an extension from an order denying the motion to dismiss when a report has been served, section 51.014(a)(9)'s ban on interlocutory appeals for extensions would be meaningless. We do not think the Legislature contemplated severing the order denying the motion to dismiss from the order granting the extension when it expressly provided that orders granting extensions were not appealable on an interlocutory basis.

*Id.*

As we have explained, no interlocutory appeal is permitted when a served expert report is found deficient and an extension of time granted. *See id.* at 322. The mere fact that the hospital secured a second order denying its motion to dismiss does not allow it to uncouple that denial from the trial court's decision to grant a thirty day extension. *See id.* ("We agree with the court of appeals' conclusion that a denial of a motion to dismiss cannot be severed from the grant of an extension when a deficient report has been served, and the court of appeals correctly determined that it lacked jurisdiction over Dr. Ogletree's appeal."). Therefore, we hold that we lack interlocutory appellate jurisdiction over this appeal. *See id.* To do otherwise would take an inappropriate, expansive view of section 51.014. *See Bally Total Fitness*, 53 S.W.3d at 355.

4

## DISPOSITION

We dismiss this interlocutory appeal for lack of jurisdiction.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered February 26, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)