NO









NO. 12-09-00093-CV

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

HENDERSON MEMORIAL
HOSPITAL,

APPELLANT                                                     '     APPEAL
FROM THE 4TH

 

V.                                                                         '     DISTRICT
COURT OF

 

DOROTHY WHITE,                                          '     RUSK COUNTY,
TEXAS

APPELLEE

 





                                                      MEMORANDUM
OPINION

            Dorothy
White sued Henderson Memorial Hospital for medical malpractice.  The hospital
appeals the trial court’s order denying its second motion to dismiss.  In two
issues, the hospital argues this denial was an abuse of discretion.  We dismiss
for want of jurisdiction.

Background

            On
April 1, 2008, White filed a medical malpractice lawsuit against the hospital
for treatment received in its emergency department.  On July 28, as required by
section 74.351 of the Texas Civil Practice and Remedies Code, White served the
hospital with expert reports from Gregory Skie, M.D., a board certified
emergency medicine physician, and Kristi Wiggins, a registered nurse.[1] 
On August 13, the hospital filed objections to these reports and moved to
dismiss the case against it.  

            The
trial court held a hearing on the objections and motion to dismiss on September
18.  At the conclusion of the hearing, the trial court stated, “I will review
the cases that have been provided and cited, and hopefully by tomorrow I’ll
have a decision for you.”  On September 19, the trial court held two unreported
telephone conferences with the parties.  The trial court stated that White was
to be given a thirty day extension to cure deficiencies in her section 74.351
report.  The court then “requested that an Order outlining [its] findings [as
to deficiencies] be submitted.”[2] 
Counsel for the hospital prepared a proposed order and forwarded it to White’s
counsel.  However, the parties failed to reach an agreement regarding the
proposed order.

            The
hospital filed a second motion to dismiss on November 13, 2008.  The hospital
alleged that White’s thirty day extension ran from the date of the trial
court’s September 19 telephone conferences.  As such, the hospital argued that
White’s deadline to amend had expired and that White’s lawsuit against it
should be dismissed.

            The
trial court held a hearing on the hospital’s second motion to dismiss on
February 17, 2009.  At that hearing, the trial court orally denied the second motion
to dismiss.  The court also signed a written order setting forth its findings
of deficiencies in White’s section 74.351 report, granting White a thirty day
extension from the date of that order, and denying all other relief sought by
the hospital.  The hospital orally requested that it be allowed to submit a
proposed order to the trial court memorializing that the second motion to
dismiss had been denied.  The trial court agreed to the request and signed an
order explicitly denying the second motion to dismiss on February 27, 2009.  This
interlocutory appeal followed.

Jurisdiction

            White
has challenged our jurisdiction of this interlocutory appeal.  Therefore, we
will begin our analysis by considering our jurisdiction.

Applicable
Law

            Unless
specifically authorized by statute, Texas appellate courts may review only
final orders or judgments.  Jack B. Anglin Co., Inc,. v. Tipps,
842 S.W.2d 266, 272 (Tex. 1992).  As a general rule, a final order or judgment
is one that finally disposes of all remaining parties and claims, based on the
record, regardless of its language.  See Lehmann v. Har-Con Corp.,
39 S.W.3d 191, 200 (Tex. 2001); see also Wagner v. Warnasch,
156 Tex. 334, 338, 295 S.W.2d 890, 892 (1956) (final order disposes of all
issues and parties “so that no future action by the trial court will be
necessary in order to settle and determine the entire controversy”).  Therefore,
absent specific statutory authorization, we lack jurisdiction to review the
hospital’s interlocutory appeal.  See Jack B. Anglin, 842 S.W.2d at
272.

            Under
section 74.351, a health care liability claimant shall, not later than the
120th day after the date the original petition was filed, serve on each party
or the party’s attorney one or more expert reports, with a curriculum vitae of
each expert listed in the report for each physician or health care provider
against whom a liability claim is asserted.  Tex.
Civ. Prac. & Rem. Code Ann. § 74.351(a) (Vernon Supp. 2009).  “If an
expert report has not been served within the period specified . . . because
elements of the report are found deficient, the [trial] court may grant one
30-day extension to the claimant in order to cure the deficiency.”  Tex. Civ. Prac. & Rem. Code Ann. § 74.351(c)
(Vernon Supp. 2009).  If the claimant does not receive notice of the court’s
ruling granting the extension until after the 120 day deadline has passed, then
the thirty day extension shall run from the date the plaintiff first received
the notice.  Id.  

            Section
51.014 of the Texas Civil Practice and Remedies Code provides for interlocutory
appellate jurisdiction from a trial court’s order that “denies all or part of
the relief sought by a motion [to dismiss] under Section 74.351(b), except that
an appeal may not be taken from an order granting an extension under Section
74.351.”  Tex. Civ. Prac. & Rem.
Code Ann. § 51.014(a)(9) (Vernon 2008).  However, we must strictly
construe section 51.014 as “a narrow exception to the general rule that only
final judgments and orders are appealable.”  Bally Total Fitness Corp. v.
Jackson, 53 S.W.3d 352, 355 (Tex. 2001).  Taking an expansive view of
section 51.014 would be inappropriate.  See id.

Discussion

            Here,
the hospital alleged that White’s section 74.351 expert report was deficient.
The record reflects that the trial court agreed, but wished to delineate its
exact findings of deficiencies in a written order.  It did so on February 17,
2009 at the hearing on the hospital’s second motion to dismiss.  Because this
was the time selected by the trial court to specifically declare its findings
of deficiencies, notice of any found deficiencies began on that day, and it was
appropriate for the trial court to order that the thirty day extension ran from
that day as well.  Cf. Tex. Civ.
Prac. & Rem. Code Ann. § 74.351(c) (“If the claimant does not
receive notice of the court’s ruling granting the extension until after the
120-day deadline has passed, then the 30-day extension shall run from the date
the plaintiff first received the notice.”).

            As
noted above, section 51.014 provides for interlocutory appellate jurisdiction
from a trial court’s order that “denies all or part of the relief sought by a
motion [to dismiss] under Section 74.351(b), except that an appeal may not be
taken from an order granting an extension under Section 74.351.” Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9). 
The Texas Supreme Court has explained that “[t]his prohibition is both logical
and practical.”  Ogletree v. Matthews,  262 S.W.3d 316, 321 (Tex.
2007).  

 

If a defendant could immediately (and prematurely)
appeal, the court of appeals would address the report’s sufficiency while its
deficiencies were presumably being cured at the trial court level, an illogical
and wasteful result.  Moreover, because the Legislature authorized a single,
thirty day extension for deficient reports, health care providers face only a
minimal delay before a report’s sufficiency may again be challenged and the
case dismissed, if warranted.

 

Id.

            The Ogletree
court interpreted section 51.014 to provide that if a deficient report is
served and the trial court grants a thirty day extension, that decision, even if
coupled with a denial of a motion to dismiss, is not subject to interlocutory appellate
review.  Id.  This is because the actions denying the motion to
dismiss and granting an extension are inseparable.  Id.  As the
court explained,

 

[t]he statute plainly prohibits interlocutory appeals
of orders granting extensions, and if a defendant could separate an order
granting an extension from an order denying the motion to dismiss when a report
has been served, section 51.014(a)(9)’s ban on interlocutory appeals for
extensions would be meaningless.  We do not think the Legislature contemplated
severing the order denying the motion to dismiss from the order granting the
extension when it expressly provided that orders granting extensions were not
appealable on an interlocutory basis. 

 

Id.

            As
we have explained, no interlocutory appeal is permitted when a served expert
report is found deficient and an extension of time granted.  See id.
at 322.  The mere fact that the hospital secured a second order denying its
motion to dismiss does not allow it to uncouple that denial from the trial
court’s decision to grant a thirty day extension.  See id. (“We
agree with the court of appeals’ conclusion that a denial of a motion to
dismiss cannot be severed from the grant of an extension when a deficient
report has been served, and the court of appeals correctly determined that it
lacked jurisdiction over Dr. Ogletree’s appeal.”).  Therefore, we hold that we
lack interlocutory appellate jurisdiction over this appeal.  See id. 
To do otherwise would take an inappropriate, expansive view of section 51.014.  See
Bally Total Fitness, 53 S.W.3d at 355.

 

Disposition

            We
dismiss this interlocutory appeal for lack of jurisdiction.



                                                                                                    
JAMES T. WORTHEN    

                                                                                                                
Chief Justice

 

Opinion delivered February 26, 2010.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)

 









                [1] 
See Tex.
Civ. Prac. & Rem. Code Ann.
§ 74.351 (Vernon Supp. 2009).

 





                [2] 
We have no record from
these telephone conferences other than one docket entry.  The docket entry
reads “Objection to Expert Reports sustained.  π given 30 days to supplement reports as to nurse
examination + causation.”  For purposes of this opinion, we have relied upon
the representations made by the parties in relation to the hospital’s second
motion to dismiss in order to discern what occurred during the telephone
conferences.