In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00138-CV

_____


IN RE ERIC L. THOMAS

_____

Original Proceeding
435th District Court of Montgomery County, Texas
Trial Cause No. 13-12-12862-CV

_____

## MEMORANDUM OPINION

Whether the trial court was authorized to amend its original order of civil commitment to conform with the changes the Legislature made when it amended the Health and Safety Code lies at the heart of the complaints the Relator raises in his petition for writ of mandamus. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2015) (the SVP statute). In this proceeding, Eric L. Thomas contends the trial court abused its discretion by amending an agreed order of civil commitment to change the agency in charge of supervising his treatment from the Office of Violent Sex Offender Management (OVSOM) to the

1

Texas Civil Commitment Office (TCCO), and to change the type of treatment he was receiving from outpatient treatment to a tiered treatment program available only at a centralized facility in a city in the Texas Panhandle. In three issues, Thomas argues: (1) the trial court denied his statutory right to outpatient treatment by ordering him to participate in a tiered treatment program; (2) the trial court violated his constitutional rights by amending the original commitment order, rendered before the date the Legislature changed the SVP statute; and (3) the trial court denied Thomas's due process rights by failing to enforce the consent judgment, which Thomas contends should have been treated as a binding contract. Because Thomas has not shown that the trial court abused its discretion by amending its prior order, we deny Thomas's request asking that the trial court be required to withdraw its amended order.

In January 2014, Thomas agreed to a final judgment, which contained a finding that he is a sexually violent predator. Under the terms of the Agreed Final Judgment, the trial court civilly committed Thomas "in accordance with Health & Safety Code § 841.081 for outpatient treatment and supervision[,]" with his treatment to be coordinated by a case manager commencing upon the day the Texas Department of Corrections released Thomas from prison. Among the various requirements of the Agreed Order of Commitment, Thomas was required

2

to reside in supervised housing at a Texas residential facility under contract with OVSOM or at a location or facility approved by OVSOM, to "exactingly participate in and comply with the specific course of treatment provided by" OVSOM, and to "comply with all written requirements" of OVSOM and the case manager.

After the trial court rendered the Agreed Final Judgment and the Agreed Order of Commitment in Thomas's SVP case, the Legislature made a number of changes to the SVP statute, including one changing the agency the Legislature placed in charge of supervising the treatment of individuals who were determined to be sexually violent predators. *See* Act of May 21, 2015, 84th Leg., R.S., ch. 845, §§ 1-44, 2015 Tex. Sess. Law Serv. 2700, 2700-12 (West). The changes that the Legislature made to the SVP statute were effective as of June 17, 2015. *Id.* However, Thomas had been found to be a sexually violent predator by the time the changes went into effect. *See generally* Tex. Health & Safety Code Ann. § 841.081(a) (West Supp. 2015). Under the program supervised by OVSOM, and under the terms of the Agreed Order of Commitment, Thomas had received outpatient treatment beginning in January 2015 that was being supervised by OVSOM. In October 2015, based on the changes to the SVP statute made by the Legislature in 2015, the trial court amended the Agreed Order of Commitment.

The trial court's authority to conform its orders to reflect legislative changes is the subject of Thomas's petition. The Amended Order, which the trial court rendered in October 2015, states that the TCCO "shall provide [Thomas] with appropriate sex offender treatment and necessary supervision pursuant to [section 841.0831 of the Health and Safety Code,]" requires that Thomas "reside where instructed by the TCCO," and orders that Thomas "participate in and comply with the TCCO sex offender treatment program[.]" In contrast, the Agreed Order of Commitment required that Thomas reside in supervised housing at a facility under contract with the OVSOM and that Thomas participate in a course of treatment provided by OVSOM.

In his petition, Thomas argues that the Agreed Final Judgment concluded his SVP case and amounted to a binding contract. According to Thomas, the trial court could not alter the Agreed Final Judgment without violating his rights to due process under the Fourteenth Amendment of the United State Constitution and article I, section 19 of the Texas Constitution. *See generally* U.S. Const. amend. XIV; Tex. Const. art. I, § 19. To resolve the issues Thomas raises in his petition, we must decide whether the terms of the Agreed Final Judgment were binding on the trial court such that the court could not change any of the Agreed Final Judgment's terms.

4

With respect to agreed judgments generally, the Texas Supreme Court has explained that agreed judgments are treated like other judgments, noting:

> An agreed judgment has the same effect as any court judgment. *See Wagner v. Warnasch*, 156 Tex. 334, 295 S.W.2d 890, 893 (1956). When a judgment is rendered by consent it has neither less nor greater force or effect than it would have had it been rendered after litigation, except to the extent that the consent excuses error and operates to end all controversy between the parties. *See Wagner*, 295 S.W.2d at 893. An agreed judgment should be construed in the same manner as a contract. *See Gracia v. RC Cola-7-Up Bottling Co.*, 667 S.W.2d 517, 519-20 (Tex. 1984). Thus, the court will examine and consider the entire instrument so that none of the provisions will be rendered meaningless. *See R & P Enters. v. LaGuarta, Gavrel & Kirk, Inc.*, 596 S.W.2d 517, 519 (Tex. 1980).

*Gulf Ins. Co. v. Burns Motors, Inc.*, 22 S.W.3d 417, 422 (Tex. 2000). In Thomas's case, the Agreed Final Judgment and Order of Commitment gave the OVSOM the power to determine the specific course of treatment that Thomas would receive upon his release from prison, and it allowed OVSOM to designate the location for the supervised housing where Thomas would be housed. However, the SVP statute did not contemplate that a judgment in an SVP case would prohibit the court from subsequently altering the details of the treatment that a person would receive while the person, who is in treatment, remained subject to the trial court's authority to control the details of his case. When Thomas agreed to the terms in the Agreed Final Judgment, the Health and Safety Code provided that the trial court could modify the requirements of civil commitment orders rendered based on such

5

judgments "at any time after notice to each affected party to the proceedings and a hearing." Tex. Health & Safety Code Ann. § 841.082(e) (West Supp. 2015). In other words, when Thomas agreed to the terms of the Agreed Final Judgment that is at issue here, the statute contemplated that the court might need to change the requirements of his original commitment order. *See id.* Moreover, we note that neither the Agreed Final Judgment nor the Agreed Order of Commitment expressly state that the terms of the Agreed Order of Commitment could not be modified. *See id.* In this case, the negotiations leading to Thomas's agreement to the Agreed Final Judgment and Agreed Order of Commitment do not show that Thomas had a settled expectation that the trial court would never change any of the details that were pertinent to the requirements concerning his treatment.

Additionally, the documents Thomas executed when he agreed that he required treatment for his condition as a sexually violent predator do not contain a provision that prevented the court from amending the commitment order. The Agreed Final Judgment in Thomas's case specifically references the Agreed Order of Commitment, and the Agreed Order of Commitment is an order that absent an express provision prohibiting its amendment was subject to being amended. *See id.* In construing the meaning of writings that reference other documents, courts look to the documents that are specifically referenced in the parties' agreement to

6

resolve disputes that arise over what an agreement means. *See Henderson v. Shanks*, 449 S.W.3d 834, 838 (Tex. App.—Houston [14th Dist.] 2014, pet. denied), *cert. denied*, 136 S.Ct. 46 (2015). (separate orders signed in the same case on the same day for the same purpose are construed together); *see also Kartsotis v. Bloch*, No. 05-14-01294-CV, 2016 WL 3660271, at *6 (Tex. App.—Dallas July 7, 2016, no pet. h.) ("Separate writings may be construed together if the connection appears on the face of the documents by express reference or by internal evidence of their unity."). When the terms of the Agreed Final Judgment and Agreed Order of Commitment are examined together, it is clear the parties contemplated that the trial court retained the right to modify the commitment order on matters that might subsequently arise regarding the details of Thomas's treatment.

For example, the terms of the Agreed Order of Commitment reflect that the parties were aware that Thomas would be required to remain in a sex offender treatment program until such time as his behavioral abnormality had changed to such an extent that he was no longer likely to engage in another predatory act of sexual violence. The terms of the Agreed Final Judgment and the Agreed Order of Commitment contain nothing to indicate that the parties had a settled expectation that OVSOM, the agency being funded by the State in 2014 to supervise the sexually violent predator treatment program, would always be the agency the State

funded to supervise the program. We are not persuaded by Thomas's arguments that the agreement he made with the State contemplated that the trial court was not authorized to ever change the commitment order regarding the type of treatment or the agency who would be in charge of supervising various details that concern his treatment.

Thomas also contends that the Legislature did not intend the changes it made to the Health and Safety Code to apply to civil commitment proceedings that had been instituted before June 17, 2015, the date the changes the Legislature made to the SVP statute went into effect. *See* 2015 Tex. Sess. Law Serv. at 2711. We rejected this same argument in *In re Williams*. *See* No. 09-16-00087-CV, 2016 WL 4249175, at *1 (Tex. App.—Beaumont Aug. 11, 2016, orig. proceeding). The subsection that applies in Thomas's case is subsection 40(b), which states that a civil commitment requirement imposed before the effective date of the act must be modified to conform to the amended version of the act. *See* 2015 Tex. Sess. Law Serv. at 2711. Because subsection 40(b) required the trial court to amend orders like the order that placed Thomas in a treatment program, the trial court was well within its discretion when it acted to amend its order. *See id.*; *see also In re Williams*, 2016 WL 4249175, at *1.

8

Thomas further argues that the 2015 amendments to the SVP statute cannot be applied to him retroactively without upsetting his interest in receiving outpatient treatment and without violating his rights to due process of law under the Fourteenth Amendment of the United States Constitution and article I, section 16 of the Texas Constitution. We recently rejected a similar argument in *In re Commitment of May*, an appeal in which we rejected complaints about the retroactive nature of these same amendments to the sexually violent predator statute. *In re Commitment of May*, No. 09-15-00513-CV, 2016 WL 4040186, at **1-9 (Tex. App.—Beaumont July 28, 2016, no pet. h.). For the reasons that we explained in *May*, we conclude that amendments can be applied retroactively in Thomas's case without violating his due process rights. *Id*. at **4-8.

We are also not persuaded that Thomas had a settled expectation when he agreed to a final judgment that contemplated he would be receiving outpatient treatment. When Thomas agreed to the terms of the judgment on which he relies, section 841.082 of the Texas Health and Safety Code required a civilly committed sexually violent predator to reside in a residential facility that was under contract with or that had been approved by the office supervising his sex offender treatment. Tex. Health & Safety Code Ann. § 841.082. In Thomas's case, the Agreed Order of Commitment required Thomas to reside in supervised housing at

a location designated by OVSOM. *See* Act of May 23, 2011, 82nd Leg., R.S., ch. 1201, § 8, 2011 Tex. Sess. Law Serv. 3197, 3200 (West) (amended 2015, current version at Tex. Health & Safety Code Ann. § 841.082 (West Supp. 2015)). Thus, when Thomas became subject to the Agreed Order of Commitment, his expectation was that an agency designated by the State would determine where he would reside and determine the details of the kind of treatment that he would be provided. *See May*, 2016 WL 4040186, at *8. He did not expect to be housed in a particular location, and he should have expected that the location where he was to receive treatment might change. And, all details regarding his treatment were subject to the court's authority to modify its prior orders. *See* Tex. Health & Safety Code Ann. § 841.082(e). Thus, Thomas had no settled expectation that the trial court would not replace the agency that it originally put in charge of supervising his housing and treatment when he entered into the Agreed Final Judgment that resolved his case. *See May*, 2016 WL 4040186, at *8. Additionally, the Legislature's determination that sexually violent predators could obtain better results in a tiered treatment program justifies the State's need to treat these individuals in a centralized location. *See id.*

After reviewing Thomas's arguments, we conclude that Thomas has not shown that the trial court abused its discretion by amending the Agreed Order of

10

Commitment. *See Williams*, 2016 WL 4249175, at \*\*1-2; *see also In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). We deny Thomas's petition seeking mandamus relief. *See* Tex. R. App. P. 52.8.

PETITION DENIED.

PER CURIAM

Submitted on May 12, 2016
Opinion Delivered August 25, 2016

Before McKeithen, C.J., Kreger and Horton, JJ.