**Opinion issued February 19, 2026**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-25-01087-CV

————————————

**STEVE NICANDROS, Appellant**

**V.**

**MOURANT OZANNES, Appellee**

---

**On Appeal from the 164th Judicial District Court**
**Harris County, Texas**
**Trial Court Case No. 2020-41443**

---

## O P I N I O N

Chapter 36A of the Civil Practice and Remedies Code is the Texas version of the Uniform Foreign-Country Money Judgments Recognition Act. *See* TEX. CIV. PRAC. & REM. CODE §§ 36A.001–.011. Relying on this statute, Plaintiff Mourant

1

Ozannes asked the trial court to recognize a judgment from a court in the Cayman Islands. The court did so.

The court signed an order that "hereby recognizes" the Cayman judgment. The recognition order, however, never spells out who owes how much money to whom. Defendant Steve Nicandros has appealed from the recognition order, but before we consider whether the recognition order is correct on the merits, we face a threshold question: Is it appealable?

## I.

Mourant Ozannes, a law firm, brought this Texas action against Steve Nicandros and Zaza Mamulaishvili by filing a notice of foreign country judgment. The notice said that the firm had previously obtained a money judgment against Defendants in the Grand Court of the Cayman Islands. The notice asked the trial court to recognize the Cayman judgment under Civil Practice and Remedies Code Chapter 36 (a predecessor version of the Act), and it attached a copy of the judgment.

The attached copy of the Cayman judgment begins by reciting that the Defendants owe Plaintiff $766,186.68, plus costs and interest. After the recital, it pronounces judgment that Plaintiff shall recover against each Defendant, jointly and severally, "the sum of U.S. $924,9224.90."

Nicandros moved to dismiss under Rule of Civil Procedure 91a, noting that Chapter 36 was repealed in 2017. Plaintiff responded that it would amend its papers

2

to invoke Chapter 36A, and it did so. Nicandros withdrew his 91a motion. He filed a general denial and opposed recognition for various reasons. Mamulaishvili answered separately and was later severed into a separate cause number.

In the Nicandros case, the trial court signed an order that recognized the Cayman judgment. The recognition order contains only two sentences:

> The Court finds that the filing satisfies the requirements of the UNIFORM FOREIGN COUNTY MONEY-JUDGMENT RECOGNITION ACT, TEXAS CIVIL PRACTICE & REMEDIES CODE §§36A, *et seq*. It is, therefore
>
> ORDERED, ADJUDGED and DECREED that the Court hereby recognizes the Summary Judgment Entered by Both Defendants by Consent in the Grand Court of the Cayman Islands on February 12, 2020, in Cause No. 118 of 2019 (the "Judgment"); and the Judgment is conclusive between the parties to the same extent as a judgment of a sister state entitled to full faith and credit in this state and enforceable in the same manner and to the same extent as a judgment rendered in this state.

It is from this recognition order that Nicandros has appealed.

Before receiving any briefing on the merits of the appeal, this Court asked the parties to address the threshold issue of appellate jurisdiction, including whether a recognition order under the Act is subject to the normal requirement of definiteness as a precondition to appealability. *See, e.g.*, *Harper v. Welchem, Inc.*, 799 S.W.2d 492, 494 (Tex. App.—Houston [14th Dist.] 1990, no writ).

The parties filed letter briefing on the Court's jurisdiction. The jurisdictional briefing is thorough and need only be summarized here. According to Nicandros, the recognition order neither includes language from the Cayman Islands judgment

3

nor incorporates that judgment by reference. Further, he notes that the order does not mention any ascertainable amount of money, such that a constable could execute on it for the right amount. Nonetheless, he perfected an appeal even before the trial court spelled out who owes how much to whom, because he would rather his appeal arrive too early than too late.

Mourant Ozannes sees things differently. It says that the judgment is final, conclusive, and enforceable under Cayman law, as contemplated by the Act. *See* TEX. CIV. PRAC. & REM. CODE § 36A.003(a)(2) (providing that Chapter 36A applies only to extent that foreign country judgment grants or denies recovery of sum of money and, "under the law of the foreign country in which the judgment is rendered, is final, conclusive, and enforceable"). In its view, the issue of finality is governed purely by Cayman law. Moreover, it notes that the Cayman judgment specifies who owes what to whom, so the firm contends that execution on the judgment should be feasible.

In reply, Nicandros says that the Cayman judgment, although filed below, was not introduced into evidence. He says that for any judgment to be final, ministerial officers "must be able to carry the judgment into execution without ascertainment of additional facts." *Wright v. Liming*, 702 S.W.3d 666, 673 (Tex. App.—Houston [1st Dist.] 2024, no pet.) (quotation omitted); *see also H.E. Butt Grocery Co. v. Bay, Inc.*,

4

808 S.W.2d 678, 680 (Tex. App.—Corpus Christi–Edinburg 1991, writ denied). In his view, the recognition order fails this test.

## II.

Chapter 36A constitutes "a revision of the Uniform Foreign Money-Judgments Recognition Act." UNIF. FOREIGN-COUNTRY MONEY JUDGMENTS RECOGNITION ACT Prefatory Note (UNIF. L. COMM'N 2005). To some degree it resembles Chapter 35, the Uniform Enforcement of Foreign Judgments Act, in that it seeks to codify rules for handling a judgment from another jurisdiction. But in other respects, it varies. *See Jaycap Fin., Ltd. v. Neustaedter*, No. 13-17-00680-CV, 2019 WL 6793825, at *2 (Tex. App.—Corpus Christi–Edinburg Dec. 12, 2019, no pet.) (mem. op.) (explaining how Chapter 36A works); Melinda Luthin, *U.S. Enforcement of Foreign Money Judgments and the Need for Reform*, 14 U.C. DAVIS J. INT'L L. & POL'Y 111, 113–20 (2007) (discussing how American courts have handled foreign judgments historically).

Under Chapter 36A, recognition and enforcement are not identical. *See* Richard J. Graving, *The Carefully Crafted 2005 Uniform Foreign-Country Money Judgments Recognition Act Cures A Serious Constitutional Defect in Its 1962 Predecessor*, 16 MICH. ST. J. INT'L L. 289, 295 (2007) ("Although 'recognition' and 'enforcement' are often used conjunctively and often used synonymously, they are

technically different. Recognition must precede or accompany all enforcement, but not all recognition leads to enforcement.").

Chapter 36A makes finality essential to the Act's applicability. If a judgment is not final in the foreign country, Chapter 36A does not even come into play. *See* TEX. CIV. PRAC. & REM. CODE § 36A.003(a)(2). Foreign country finality must exist before recognition in Texas becomes possible. This threshold determination as to finality must be made "under the law of the foreign country in which the judgment is rendered." *Id.*

But finality under foreign law only begins the inquiry; it does not conclude it. Even when a judgment qualifies as final under foreign law, and even when a Texas court orders recognition, there is still the question of recognition's consequences. Section 36A.007 addresses that question by calling for use of Texas law:

> If the court in a proceeding under Section 36A.006 finds that the foreign-country judgment is entitled to recognition under this chapter, then, to the extent that the foreign-country judgment grants or denies recovery of a sum of money, the foreign-country judgment is:
>
> (1)    conclusive between the parties to the same extent as the judgment of a sister state entitled to full faith and credit in this state would be conclusive; and
>
> (2)    enforceable in the same manner and to the same extent as a judgment rendered in this state.

*Id.* § 36A.007.[1]

III.

In light of the statutory text just cited, we conclude that Texas procedural law controls whether the order recognizing a foreign country money judgment is appealable in Texas. Appealability and enforceability of money judgments go hand in hand. Texas law generally requires a money judgment to be final and appealable before the prevailing party can enforce it. *See, e.g.*, TEX. R. CIV. P. 627 (generally disallowing execution until at least "expiration of thirty days from the time a final judgment is signed").

But there cannot be finality and appealability until the judgment spells out the lawsuit's result with an adequate degree of certainty. *See Wagner v. Warnasch*, 156 Tex. 334, 338, 295 S.W.2d 890, 892 (1956) ("To be final a judgment must determine

---

[1] The Texas Legislature did not enact the comments from the drafters of the Uniform Act, but it did call for uniformity. *See* TEX. CIV. PRAC. & REM. CODE § 36A.010. In that spirit, we assume that the comments will inform the way other states construe the statutory language. One such comment elaborates on the notion of the judgment being "enforceable" in a particular manner and to a particular extent: "[T]he second consequence of recognition of a foreign-country judgment is that, to the extent it grants a sum of money, it is enforceable in the forum state in accordance with the procedures for enforcement in the forum state and to the same extent that a judgment of the forum state would be enforceable." UNIF. FOREIGN-COUNTRY MONEY JUDGMENTS RECOGNITION ACT § 36A.007 cmt. 3 (UNIF. L. COMM'N 2005). "Thus, under subsection (2), once recognized, the foreign-country judgment has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying a judgment of a comparable court in the forum state, and can be enforced or satisfied in the same manner as such a judgment of the forum state." *Id.*

7

the rights of the parties and dispose of all the issues involved so that no future action by the court will be necessary in order to settle and determine the entire controversy."). The judgment must speak with clarity and definiteness so that a constable will know how to enforce it and so that the losing side will know when the appellate clock has started running:

> A judgment is not final unless it is definite and certain, such that the clerk can ascertain the amount to place in the writ of execution. In other words, '[i]f the amount awarded by the judgment cannot be determined, the judgment is interlocutory. For a judgment to be final, it must be certain, so that it can be enforced by writ of execution. Ministerial officers must be able to carry the judgment into execution without ascertainment of additional facts. A judgment awarding an unascertainable amount cannot be final.

*In re Blankenhagen*, 513 S.W.3d 97, 100 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (internal citations and quotations omitted).

This case illustrates the point. Plaintiff sued two Defendants. One happens to have been severed into a different case, but the recognition order does not say anything about a severance. It just recognizes the Cayman judgment. For all a reader would know from inspecting the recognition order, the severed Defendant might still be in the case. After all, the order simply says that the court is recognizing the Cayman judgment, and that judgment in turn deals with two Defendants, not one. If the reader has to locate the Cayman judgment to determine who has to pay how much to whom, the reader will soon find that Plaintiff has a money judgment against two parties. Does the second Defendant have to appeal from the recognition order?

The answer would surely be No, but that answer has to come from consulting Texas procedure about severance of parties. Texas procedure cannot be avoided.

For these reasons, the recognition order at hand does not qualify as a final and appealable judgment. *See Wright*, 702 S.W.3d at 673–74; *Wagner*, 156 Tex. at 338, 295 S.W.2d at 892. Nothing in this opinion expresses any view about the merits of the recognition order. We hold only that appeal will not lie from the recognition order in its current form. We dismiss the appeal for want of a final and appealable judgment.

David Gunn
Justice

Panel consists of Chief Justice Adams and Justices Gunn and Johnson.

9