### WALL STREET DELI, INC. f/k/a Sandwich Chef of Texas, Inc. et al, Appellants,

v.

### BOSTON OLD COLONY INSURANCE COMPANY et al, Appellees.

### No. 11–02–00106–CV.

Court of Appeals of Texas, Eastland.

Feb. 6, 2003.

Randy McClanahan, Michael Myers, Scott Clearman, McClanahan & Clearman, Houston, for appellants.

Charles W. Cunningham, McKool Smith, P.C., David J. Schubert, Arter & Hadden, E. Jeffery Story, Strasburger & Price, Michael Dodge, Dodge, Fazio, Anderson & Jones, Barry Bell, Carrington, Coleman, Sloman & Blumenthal, Curtis Frisbie Jr., Gardere Wynne Sewell, Fred Misko Jr., Fred Misko, Jr., P.C., Roger Higgins, James Sowder, Thompson Coe Cousins & Irons, John M. Skrhak, Adkerson & Hauder, Michael Lowenberg, Akin, Gump, Strauss, Hauer & Feld, Robert Walters, Russell Yager, Vinson & Elkins, L.L.P., Dallas, H. Lee Godfrey, Susman Godfrey, Richard Carrell, Fulbright & Jaworski, Houston, John Karaczynski, Akin, Gump, Strauss, Hauer & Feld, Los Angeles, CA, Joseph Coughlin, Lord, Bissell & Brook, Stanley Block, Vedder Price Kaufman & Kammholz, Michael McCluggage, Wildman Harrold Allen & Dixon, Chicago, IL, David Orr, Kuperman, Orr, Mouer & Albers, Austin, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

JIM R. WRIGHT, Justice.

Appellees have filed in this court a motion to dismiss the appeal for want of jurisdiction. We agree that the appeal must be dismissed.

Wall Street Deli, Inc. f/k/a Sandwich Chef of Texas, Inc. (Wall Street) and its attorneys, Randy J. McClanahan, Scott M. Clearman, and McClanahan & Clearman, L.L.P., attempt to appeal from two orders entered by the trial court: an "Order Requiring Performance of Obligations Imposed by Final Judgment" and a "Second Order Requiring Performance of Obligations Imposed by Final Judgment." The trial court entered the orders to bind appellants to the terms of the final judgment entered in 1996 based upon the parties' settlement agreement. The settlement agreement, which was incorporated into the trial court's judgment, prohibited the parties in this class-action lawsuit from using the settlement negotiations, the pleadings, any actions related to the settlement agreement, or the settlement agreement itself as evidence or otherwise "to argue that a court should or should not certify a contested or opposed class against any of the Settling Defendants [appellees] in the Lawsuits or in any other proceeding." In a subsequent lawsuit filed in federal court as a class action by appellants against various defendants including all but one of the "Settling Defendants," Wall Street used the settlement agreement in its efforts to certify a plaintiff class.

In order to enforce the 1996 judgment in this case, appellees first attempted to obtain an emergency injunction prohibiting appellants from using the settlement agreement to argue for class certification in the federal case. That motion was denied. Appellees subsequently filed a motion for contempt against appellants for their use of the settlement agreement in the federal case. After a hearing addressing discovery issues regarding the pending contempt allegation, the trial court entered the first order at issue in this appeal. As stated in the trial court's docket sheet, the order "properly reflects the court's opinion re: use of the settlement agreement."

The second order at issue on appeal was entered after appellants stated their intent to use the settlement agreement to argue in the interlocutory appeal to the Fifth Circuit that the federal district court properly certified the plaintiff class.

The orders at issue in this case, which were entered on July 30, 2001, and February 28, 2002, purport to construe the provisions of the settlement agreement and to bind the parties and their attorneys. The orders provide that the parties may not, "[f]rom this day forward," use the settlement agreement as a basis for arguing that a court should or should not certify a contested or opposed class against any of the settling defendants. The second order provides additionally that the parties may not use the settlement agreement to argue that a court should affirm, reverse, modify, or vacate any order certifying or refusing to certify such a class. The orders also provide that the settlement agreement does not prohibit the settling defendants from using the settlement agreement to establish a defense such as release, accord and satisfaction, or res judicata. Finally, the orders provide that, to the extent that any provision in the earlier order denying the emergency motion is inconsistent with these orders, these orders "shall control."

■ We hold that the orders from which appellants attempt to appeal are not final judgments susceptible to appeal. A trial court has the power to enforce its judgments even after its plenary power has expired. *Arndt v. Farris,* 633 S.W.2d 497, 499 (Tex.1982); see TEX.R.CIV.P. 308; TEX. GOV'T CODE ANN. § 21.001(a) (Vernon Supp.2003). However, an order made for the purpose of carrying into effect a prior judgment is not a final judgment and "cannot be appealed from." *Wagner v. Warnasch,* 156 Tex. 334, 295 S.W.2d 890, 893 (1956); see TEX.

CIV. PRAC. & REM. CODE ANN. § 51.012 (Vernon 1997). Consequently, to the extent that the orders at issue in this appeal merely reflect the trial court's opinion regarding the permitted and prohibited uses of the settlement agreement or an admonition as to how the trial court will interpret the settlement agreement for purposes of a motion for contempt, the orders were made for the purpose of enforcing the trial court's judgment and, as such, are not final, appealable judgments. See *Wagner v. Warnasch, supra.* Furthermore, although we do not perceive the trial court's orders as an attempt to modify the final judgment in this case, we note appellants' contention that the orders impermissibly modify the judgment. The trial court's plenary power to modify the judgment in this case had long since expired. TEX.R.CIV.P. 329b. Thus, the trial court had no jurisdiction to modify the judgment. Rule 329b; *State ex rel. Latty v. Owens,* 907 S.W.2d 484, 486 (Tex.1995); see *Texas Animal Health Commission v. Nunley,* 647 S.W.2d 951 (Tex.1983). To the extent that the orders attempt to modify the judgment that became final in 1996, the orders are void. In an appeal from a void judgment, the appellate court may declare the judgment void and "should" dismiss the appeal for lack of jurisdiction. *State ex rel. Latty v. Owens, supra.*

Appellees' motion is granted, and the appeal is dismissed for want of jurisdiction.