COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-437-CV

 

 

CAROL H. CANADA                                                             APPELLANT

 

                                                   V.

 

WELLS FARGO BANK, N.A.                                                     APPELLEE

 

                                              ------------

 

            FROM THE 393RD
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Carol H. Canada, a pro se litigant,
seeks to appeal from a second corrected summary judgment in favor of Appellee
Wells Fargo Bank, N.A. and an order of sale. 
Wells Fargo filed a motion to dismiss for want of jurisdiction.  We will grant the motion and dismiss for want
of jurisdiction.[2]













In what became a procedural nightmare, Wells
Fargo brought suit against Canada to obtain a money judgment and to foreclose on
certain real estate lien notes.  Canada
subsequently brought counterclaims against Wells Fargo.  On October 28, 2005, the trial court granted
summary judgment for Wells Fargo on its claims.[3]  On May 22, 2006, the trial court signed an
order severing the summary judgment on Wells Fargo=s
claims.[4]  Canada filed a motion for new trial, which
was overruled by operation of law.[5]  See Tex. R. Civ. P. 329b(c).  Over a year later, on November 5, 2007, the
trial court signed a second corrected summary judgment to add that Aan Order
of Sale shall issue to any sheriff or any constable within the State of Texas,
directing him to seize and sell the same as under execution.@  The trial court also signed a separate order
granting Wells Fargo=s motion for issuance of an
order of sale and reciting the same order of sale language that it added to the
summary judgment.

Canada filed her notice of appeal on December 5,
2007.[6]  She stated in her notice of appeal that she
was appealing the November 5, 2007 second corrected summary judgment and the
November 5, 2007 order.[7]  Wells Fargo filed with this court a motion to
dismiss Canada=s appeal for lack of
jurisdiction, asserting that Canada=s notice
of appeal was untimely.








This court does not have jurisdiction over an
appeal in the absence of a final judgment or an appealable interlocutory
order.  See Houston Health Clubs, Inc.
v. First Court of Appeals, 722 S.W.2d 692, 693 (Tex. 1986); North East
Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 895 (Tex. 1966).  Appellate timetables are calculated from the
signing of a final judgment in a case.  See
Farmer v. Ben E. Keith Co., 907 S.W.2d 495, 496 (Tex. 1995).  Generally, an otherwise interlocutory summary
judgment becomes final when the trial court signs an order severing into a
separate cause the parties and claims addressed in the judgment.  Diversified Fin. Sys., Inc. v. Hill,
Heard, O=Neal, Gilstrap & Goetz, P.C., 63
S.W.3d 795, 795 (Tex. 2001); see also Thompson v. Beyer, 91 S.W.3d 902,
904 (Tex. App.CDallas 2002, no pet.) (AAs a
rule, a severance of an interlocutory judgment into a severed action makes it
final if all claims in the severed action have been disposed of, unless the
order of severance indicates further proceedings are to be had in the severed
action.@).  When a severance order takes effect, the
appellate timetable runs from the signing date of the order that made the
judgment severed Afinal@ and
appealable.  Martinez v. Humble Sand
& Gravel, Inc., 875 S.W.2d 311, 313 (Tex. 1994).








To perfect an appeal, a party must file a written
notice of appeal with the trial court within thirty days after the trial court
signs the judgment.  Tex. R. App. P.
26.1.  But if any party timely files a
motion for new trial, then the notice of appeal is not due until ninety days
after the trial court signs the judgment. 
Tex. R. App. P. 26.1(a)(1). 
Absent a timely filed notice of appeal, we must dismiss the appeal.  Verburgt v. Dorner, 959 S.W.2d 615,
617 (Tex. 1997).








Here, the October 28, 2005 summary judgment
disposed of all claims by Wells Fargo against Canada.  It remained interlocutory because of Canada=s
remaining counterclaims against Wells Fargo. 
When the trial court signed the severance order, the summary judgment on
Wells Fargo=s claims became a final
judgment.  See Diversified Fin. Sys.,
Inc., 63 S.W.3d at 795; Thompson, 91 S.W.3d at 904.  Thus, the appellate timetable for appealing
the summary judgment on Wells Fargo=s claims
ran from the date of the order of severanceCMay 22,
2006.  See Farmer, 907 S.W.2d at
496; Martinez, 875 S.W.2d at 313. 
Although Canada filed a motion for new trial, she did not file notice of
appeal within ninety days of the severance.[8]  See Tex. R. App. P. 26.1(a)(1).  Canada did file notice of appeal within
thirty days after the trial court signed the November 5, 2007 order granting
Wells Fargo=s motion for issuance of an
order of sale and second corrected summary judgment, but at that time, she
could only appeal complaints that would not be applicable to the summary
judgment effective on May 22, 2006Cthe date
of severance.  See Tex. R. Civ. P.
306a(6); Tex. R. App. P. 4.3(b); Pruet v. Coastal States Trading, Inc.,
715 S.W.2d 702, 704 (Tex. App.CHous.
[1st Dist.] 1986, no writ) (holding that if trial court corrects mistakes by
way of a judgment nunc pro tunc after expiration of plenary power, then court
of appeals has no authority to hear any complaint that could have been
presented in appeal from the original judgment).








To the extent that Canada attempts to raise
complaints that could have been presented in an appeal from the May 22, 2006
severance order, her appeal is untimely. 
See Tex. R. Civ. P. 306a(6); Tex. R. App. P. 4.3(b); Pruet,
715 S.W.2d at 704.  And to the extent
that Canada complains of the order of sale language included in the second
corrected judgment and in the corresponding order,[9]
which are the only complaints not challengeable in an appeal from the original
summary judgment, the inclusion of that order of sale language was a
non-substantive addition that merely provided for enforcement of the original
judgment for foreclosure and is not appealable. 
See Wagner v. Warnasch, 156 Tex. 334, 338, 295 S.W.2d 890, 893
(1956); Wall Street Deli, Inc. v. Boston Old Colony Ins. Co., 110 S.W.3d
67, 69B70 (Tex.
App.CEastland
2003, no pet.).













Although the trial court=s
plenary power had long expired when it signed the second corrected summary
judgment on November 5, 2007, it could still amend its judgment to include the
order of sale language.  See Tex.
R. Civ. P. 329b(f) (providing that court may at any time correct a clerical
error in the record of a judgment and render judgment nunc pro tunc); Andrews
v. Koch, 702 S.W.2d 584, 585 (Tex. 1986) (AA
clerical error is one which does not result from judicial reasoning or
determination.@); Reynolds v. Harrison,
635 S.W.2d 845, 846 (Tex. App.CTyler
1982, writ ref=d n.r.e.) (A[D]irections
for carrying a judgment into effect, which do not change or modify the judgment
with respect to matters put in issue and determined by the judgment, may be
inserted or modified by amendment.@).  The trial court=s
original and first corrected summary judgment did not include the order of sale
language required under rule of civil procedure 309, which requires that
judgments for foreclosure of liens shall direct that an order of sale shall
issue to any sheriff or constable in Texas. 
See Tex. R. Civ. P. 309. 
The addition of the order of sale language to the judgment, however, did
not Aeffect a
substantive change in the court=s order;@ rather
it added necessary directions for carrying the judgment into effect.  Dickens v. Willis, 957 S.W.2d 657, 659
(Tex. App.CAustin 1997, no pet.) (citing Escobar
v. Escobar, 711 S.W.2d 230, 231B32 (Tex.
1986)); see Reynolds, 635 S.W.2d at 846. 
The trial court also had the power, even after its plenary power
expired, to enforce its judgment, and the November 5, 2007 order granting Well=s Fargo=s motion
for issuance of an order of sale was made for the purpose of carrying into
effect the court=s prior judgment and was not a
final judgment from which appeal may be taken. 
See Arndt v. Farris, 633 S.W.2d 497, 499 (Tex. 1982) (orig.
proceeding); Wagner, 156 Tex. at 338, 295 S.W.2d at 893; Wall Street
Deli, Inc., 110 S.W.3d at 69B70; see
also Tex. R. Civ. P. 308 (AThe
court shall cause its judgments and decrees to be carried into execution.@); Tex.
Gov=t Code
Ann. '
21.001(a) (Vernon 2004) (AA court has all powers necessary
for the exercise of its jurisdiction and the enforcement of its lawful orders,
including authority to issue the writs and orders necessary or proper in aid of
its jurisdiction.@).  The order of sale was more of a ministerial
act incident to the final judgment, akin to a writ of execution.  See Wolter v. Donaldson, 79 S.W.3d
160, 162 (Tex. App.CTexarkana 2002, no pet.) (noting
that neither a writ of execution nor an order incident to a writ of execution
is appealable).  Thus, because Canada=s
complaints concerning the November 5, 2007 second corrected summary judgment
and order of sale challenged non-substantive changes to the original summary
judgment, no appeal may be taken concerning these claims.  See Wall Street Deli, Inc., 110 S.W.3d
at 69B70; see
also Tex. R. Civ. P. 301 (AOnly one
final judgment shall be rendered in any cause except where it is otherwise
specifically provided by law.@)

Having determined that we do not have
jurisdiction over Canada=s attempts to appeal from the
summary judgment severed on May 22, 2006, and having determined that Canada=s
complains concerning the November 5, 2007 second corrected summary judgment and
order of sale challenge only non-substantive changesCthe
addition of enforcement languageCwhich
are not appealable, we grant Wells Fargo=s motion
to dismiss for want of jurisdiction.  See
Tex. R. App. P. 25.1(b), 42.3(a), 43.2(f); Verburgt, 959 S.W.2d at 617.

 

 

SUE
WALKER

JUSTICE

 

PANEL: CAYCE, C.J.;
WALKER and MCCOY, JJ.

 

DELIVERED: February 5,
2009











[1]See Tex. R. App. P. 47.4.





[2]Wells Fargo also filed
two motions during the course of this appeal, entitled AAppellee=s First Amended
Objections to and Motion to Strike Appellant=s Reply Brief@ and AAppellee=s Motion to Strike Appellant=s References to Matters
Outside the Record.@  By separate order, both motions are denied
concurrently with this opinion.





[3]That same day, the trial
court also granted partial summary judgment in favor of Wells Fargo on the
majority of Canada=s counterclaims.





[4]That order also provided
for correction of a typographical error in the court=s summary judgment, and
the court signed a corrected summary judgment to correct the amount of the
judgment against Canada from $1,3339,765.31 to $1,339,765.31.





[5]The trial court did hold
a hearing on Canada=s motion for new trial
and requested briefing on the issues raised at the hearing.  Although it subsequently signed an order on
October 18, 2006 reconfirming its summary judgment in favor of Wells Fargo,
noting that Canada=s claims in her motion
for new trial were moot as overruled by operation of law, this order was signed
outside the trial court=s plenary power and,
thus, was a nullity.  See Tex. R.
Civ. P. 306a(1), 329b(e); Lane Bank Equip. Co. v. Smith S. Equip. Inc.,
10 S.W.3d 308, 314 (Tex. 2000).





[6]In her first notice of
appeal, Canada incorrectly named the United States Court of Appeals for the
Fifth Circuit as the appellate court. 
She filed an amended notice of appeal on December 11, 2007, naming this
court as the appellate court.





[7]In her amended notice of
appeal, Canada added that she is appealing Athe original and consolidated civil action.@  On April 17, 2007, the trial court apparently
consolidated the severed summary judgment with a post-judgment lawsuit Canada
filed against Wells Fargo and John Hatzenbuhler, a constable in Denton County.  But this consolidation has no impact on the
summary judgment at issue hereCwhich became final on May 22, 2006 when the trial
court signed the severance order.  And
regarding Canada=s apparent attempt to
appeal from the Aconsolidated civil
action,@ she has not identified
in her notice of appeal or her brief any appealable final judgment or order in
that case.  See Tex. R. App. P.
25.1(d)(2), 33.1(a).





[8]The record contains an
orderCentered on August 7, 2006Centitled, AOrder Granting Plaintiff
Wells Fargo Bank, National Association=s Motion for Leave to Reduce Time of Notice of
Hearing or Submission and Time to File Responses to Motions for Summary
Judgment,@ setting Wells Fargo=s motion for summary
judgment for submission at a later date. 
Canada argues that this order rendered the original summary judgment Anon-final for purposes of
appeal.@  But the trial court did not grant Canada=s motion for new trial, and
it was consequently overruled by operation of law.  See Tex. R. Civ. P. 329b(c).  Even if this order somehow vacated the
original summary judgment and the trial court=s October 18, 2006 order
reconfirming summary judgment for Wells Fargo could be construed as the final
order, Canada=s notice of appeal, filed
almost ten months after the October 18, 2006 order was entered, was still
untimely.  See Tex. R. App. P.
26.1.





[9]In convoluted arguments
to this court, without citation to the record or authorities, Canada asserts
generally that the trial court erred by adding the order of sale language to
its judgment outside of its plenary power and that the court, by adding the
order of sale language, violated the automatic stay imposed in a separate
bankruptcy proceeding filed by Canada.