ACCEPTED
03-14-00460-CV
3881585
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/23/2015 2:41:21 PM
JEFFREY D. KYLE
CLERK

NO. 03-14-00460-CV

IN THE COURT OF APPEALS
THIRD DISTRICT OF TEXAS
AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/23/2015 2:41:21 PM
JEFFREY D. KYLE
Clerk

SANDRA FORD AND THE RUBY AND ANNIE SMITH FAMILY PARTNERSHIP

Appellants,

v.

WILLIAM RUTH, JUDGMENT CREDITOR

Appellee.

On appeal from the 424th District Court,
San Saba County, Texas, Cause No. 9145

## JOINT BRIEF OF APPELLANTS

**Coby D. Smith**
State Bar No. 00788433

BRACKETT & ELLIS,
A Professional Corporation
100 Main Street
Fort Worth, Texas 76102-3090
(817) 338-1700
Facsimile (817) 870-2265
csmith@belaw.com
**ATTORNEYS FOR APPELLANT
THE RUBY AND ANNIE SMITH
FAMILY PARTNERSHIP**

**Burt L. Burnett**
State Bar No. 00787171
**Majd Ghanayem**
State Bar No. 24078556

THE BURNETT LAW FIRM
P.L.L.C.,
P.O. Box 1521
Abilene, TX 79604
325-673-4357
325-428-0428 (Fax)
BurtLBurnett@yahoo.com
Majd@burtburnett.com
**ATTORNEYS FOR APPELLANT
SANDRA FORD**

## ORAL ARGUMENT REQUESTED

# CERTIFICATE OF INTERESTED PARTIES

**APPELLANTS/DEFENDANTS:**     **COUNSEL:**

Sandra Ford

Burt L. Burnett
State Bar No. 00787171
Majd Ghanayem
State Bar No. 24078556

THE BURNETT LAW FIRM P.L.L.C.,
P.O. Box 1521
Abilene, TX  79604
325-673-4357
325-428-0428 (Fax)
BurtLBurnett@yahoo.com
Majd@burtburnett.com

The Ruby and Annie Smith Family
Partnership

Coby D. Smith
State Bar No. 00788433

BRACKETT & ELLIS,
A Professional Corporation
100 Main Street
Fort Worth, Texas 76102-3090
(817) 338-1700
Facsimile (817) 870-2265
csmith@belaw.com

**APPELLEE/PLAINTIFF:**     **COUNSEL:**

William Ruth, Judgment Creditor

Robert P. Wilson
State Bar No. 2178575
Law Offices of Robert P. Wilson
26545 IH-10 West, Suite 150
Boerne, TX  78006
210-698-1933
Fax: 210-698-1944

rwlawoffice@yahoo.com

Frederick F. Hoelke
State Bar No. 09775600
26545 IH 10 West, Suite 100
Boerne, Texas 78006
210-444-0999
Fax: 210-444-0996
fredhoelke@aol.com

**OTHER RELATED PARTIES**

Peggy Joyce Ruth, mother of Plaintiff/Appellee, and a partner in The Ruby and Annie Smith Family Partnership

James Crow, brother of Peggy Joyce Ruth, and a partner in The Ruby and Annie Smith Family Partnership

Arma Lee Crow, mother of Peggy Joyce Ruth, James Crow, and Sandra Ford, grandmother of William Ruth, and a partner in The Ruby and Annie Smith Family Partnership

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PARTIES ...................................................... ii

TABLE OF CONTENTS ..................................................................................... iv

TABLE OF AUTHORITIES ............................................................................... vi

STATEMENT OF THE CASE ...............................................................................1

REQUEST FOR ORAL ARGUMENT .................................................................2

ISSUES PRESENTED..........................................................................................3

      I.        Whether The Interlocutory Agreed Order Entered By The Trial Court Became A Final And Enforceable Judgment Under The Merger Doctrine When The Agreed Order Was Not Definite and Certain. ....................................................................................3

      II.      Whether The Anti-Suit Injunction Entered By The Trial Court Was Void When It Was Entered After The Trial Court's Plenary Power Expired And When There Was No Valid Final Judgment For The Trial Court To Enforce Or Protect.........................3

      III.    Whether The Trial Court Abused Its Discretion In Entering An Injunction That Is Not Specific And Does Not Reasonably Describe The Acts To Be Restrained, Such That Peggy Joyce Ruth and William Ruth May Attempt To Enjoin Lawful Activities. ..............................................................................................3

      IV.    Whether The Anti-Suit Injunction Is Void Where It Was Entered By The Trial Court While Sitting In Burnett County In This San Saba County Lawsuit. ........................................................3

STATEMENT OF FACTS .....................................................................................4

SUMMARY OF THE ARGUMENT ..................................................................11

ARGUMENT .......................................................................................................12

      I.        The Merger Doctrine Did Not Apply To Make The Interlocutory Agreed Order A Final Enforceable Judgment Where The Agreed Order Is Not Definite And Certain. .....................12

            A.     A Final Judgment Must Be Define And Certain. .....................13

B. The March 22, 2012 Agreed Order Is Not Definite And Certain. ...................................................................................13

II. The Anti-Suit Injunction Entered By The Trial Court Is Void Where There Was No Valid Final Judgment For The Trial Court To Enforce Or Protect. ...........................................................14

III. This Court Of Appeals Has Jurisdiction To Declare The Anti-Suit Injunction Void. ................................................................15

IV. The Anti-Suit Injunction Entered By The Trial Court Is Not Specific And Does Not Describe The Acts To Be Restrained In Reasonable Detail. ..............................................................16

V. The Anti-Suit Injunction Is Also Void Because It Was Entered In Burnett County. .................................................................17

PRAYER ...............................................................................................18

CERTIFICATE OF SERVICE ............................................................19

CERTIFICATE OF COMPLIANCE ...................................................20

APPENDIX

Agreed Order .................................................................App-A

Order On Dismissal Hearing .........................................App-B

Permanent Injunction ....................................................App-C

# TABLE OF AUTHORITIES

**Cases**

*Arndt v. Farris*,
    633 S.W.2d 497 (Tex. 1982) ...................................................................15

*Crites v. Collins*,
    284 S.W.3d 839 (Tex. 2009) ..................................................................12

*Hatton v. Burgess*,
    167 S.W.2d 260 (Tex. App.−Beaumont 1942, writ ref'd w.o.m.) ...............14

*In re Rodriguez*,
    2004 WL 814298 (Tex. App.–Amarillo 2004, no pet.). (Tex.
    App.−Dallas 2006, no pet.)......................................................................16

*Lagos v. Plano Economic Development Board, Inc.*,
    378 S.W.3d 647 (Tex. App.–Dallas 2012, no pet.) ................................ 16, 17

*Lane Bank Equip. Co. v. Smith S. Equip. Inc.*,
    10 S.W.3d 308 (Tex. 2000) ....................................................................14

*Latty v. Owens*,
    907 S.W.2d 484 (Tex. 1995) .......................................................... 14, 15, 16

*Lehman v. Har-Con Corp.*,
    39 S.W.3d 191 (Tex. 2001) ....................................................................12

*Logan v. Mullis*,
    686 S.W.2d 605 (Tex. 1985) ..................................................................12

*Malone v. Hampton*,
    182 S.W.3d 465 (Tex. App.−Dallas 2006, no pet.)......................................15

*McNally v. Guevara,*
    52 S.W.3d 195 (Tex. 2001) ....................................................................12

*O'Quinn v. Hall*,
    77 S.W.3d 452 (Tex. App.–Corpus Christi 2002, no pet.)...........................18

*Rapid Settlements, LTD v. Symetra Life Ins. Co.*,
    234 S.W.3d 788 (Tex. App.−Tyler 2007, no pet.) .....................................15

*Stewart v. USA Custom Paint & Body Shop, Inc.*,
      870 S.W.2d 18 (Tex. 1994) ...........................................................................13

*Wall St. Deli, Inc. v. Boston Old Colony Ins. Co.*,
      110 S.W.3d 67 (Tex. App.−Eastland 2003, no pet.) ......................................15

**Statutes**

Tex. Civ. Prac. & Rem. Code § 15.012 ................................................................18

**Rules**

Tex. R. Civ. P. 301 ..............................................................................................12

Tex. R. Civ. P. 329b ............................................................................................14

## STATEMENT OF THE CASE

*Nature of the Case:*

This appeal arises from protracted litigation involving multiple lawsuits and disputes among multiple family members that have been ongoing for almost five years. In the present case, William Ruth, acting as plaintiff, filed suit against The Ruby and Annie Smith Family Partnership, as defendant, in San Saba County. In this lawsuit, William Ruth asserted causes of actions against the Partnership for specific performance, breach of an agreement, and statutory fraud. (C.R. 2-5). Mr. Ruth had his mother served as a partner for the Partnership, (C.R. 88-89), had his mother admit multiple requests for admissions, (C.R. 90-96), and had his mother sign an interlocutory Agreed Order which purported to grant Mr. Ruth specific performance regarding the sale of Partnership property. (C.R. 97-98).[1] The lawsuit was later dismissed on June 26, 2013 for want of prosecution. (C.R. 169)[2].

Almost one year later Mr. Ruth filed an anti-suit injunction in the trial court below, claiming the previously entered interlocutory Agreed Order was a final judgment, and seeking to enjoin the Partnership and the other partners from pursuing claims in the ongoing Brown County litigation against Mr. Ruth and his mother relating, in part, to their actions in this San Saba Lawsuit. (C.R. 170-203).

*Trial Court:*

The 424th District Court, San Saba County, Texas, Cause No. 9145; The Honorable Judge Dan H. Mills, Presiding.

*Course of Proceedings and Trial Court Disposition:*

On June 24, 2014, while sitting in Burnett County, Texas, the trial court entered a permanent injunction in this San Saba County Lawsuit, enjoining Appellants from "moving forward" in the Brown County Lawsuit. (C.R. 248-49).[3]

---

[1] A true and correct copy of this Agreed Order is attached hereto as Appendix "A."
[2] A true and correct copy of this Dismissal Order is attached hereto as Appendix "B".
[3] A true and correct copy of this Permanent Injunction is attached hereto as Appendix "C."

1

## REQUEST FOR ORAL ARGUMENT

The undersigned, as counsel for Appellants, and in compliance with Tex. R. App. P. 38.1(e) and 39.1, requests oral argument in the above-styled and numbered appeal.

/s/ Coby D. Smith
Coby D. Smith

## ISSUES PRESENTED

I.     Whether The Interlocutory Agreed Order Entered By The Trial Court Became A Final And Enforceable Judgment Under The Merger Doctrine When The Agreed Order Was Not Definite and Certain.


II.    Whether The Anti-Suit Injunction Entered By The Trial Court Was Void When It Was Entered After The Trial Court's Plenary Power Expired And When There Was No Valid Final Judgment For The Trial Court To Enforce Or Protect.


III.   Whether The Trial Court Abused Its Discretion In Entering An Injunction That Is Not Specific And Does Not Reasonably Describe The Acts To Be Restrained, Such That Peggy Joyce Ruth and William Ruth May Attempt To Enjoin Lawful Activities.


IV.    Whether The Anti-Suit Injunction Is Void Where It Was Entered By The Trial Court While Sitting In Burnett County In This San Saba County Lawsuit.

## STATEMENT OF FACTS

This appeal arises from a fraudulent scheme by Plaintiff William Ruth and his mother, Peggy Joyce Ruth, to cheat other family members in a family partnership. Specifically, Mr. Ruth and his mother secretly attempted to obtain a judgment for specific performance relating to family partnership property located in San Saba County, Texas. Not surprisingly, there is more to the background of this case than what is reflected this one lawsuit.

The plaintiff in this case, William Ruth, is the son of Peggy Joyce Ruth, and her husband, James A. Ruth. He is also an attorney. Peggy Joyce Ruth is one of four family members who are partners in The Ruby and Annie Smith Family Partnership, one of the Appellants herein. The other three partners are Arma Lee Crow, who is Peggy Joyce Ruth's mother, and James Crow and Sandra Ford, who are Peggy Joyce Ruth's brother and sister, and the other children of Arma Lee Crow. (C.R. 177-79). This lawsuit is one of multiple lawsuits amongst these and other family members that have been ongoing in Brown County, Texas for almost five years. The following is a brief chronological history of these lawsuits.

**February 12, 2010 – Lawsuit Filed Between The Four Partners**

The first lawsuit involving the four partners was filed on February 12, 2010 styled *Arma Lee Crow, James Albert Crow, and Sandra Kay Ford vs. Peggy Joyce Ruth* in Cause Number CV 10-02-049. This lawsuit was a suit for partition of real

property in Brown County, Texas. (C.R. 179). On February 22, 2010, James A. Ruth, the husband of Peggy Joyce Ruth, filed a *pro se* Petition in Intervention in Cause Number CV10-02-049. (C.R. 180). Over one year later, on September 6, 2011, William Ruth filed a Petition in Intervention in the first lawsuit, and filed a Motion to Recuse Judge Stephen Ellis.

**October 27, 2011 – William Ruth Files Separate Brown County Lawsuit _On Behalf_ Of The Partnership**

On October 27, 2011, William Ruth filed a new lawsuit in the 35th District Court of Brown County, styled *William Ruth, Individually and In the Interest of Arma Lee Crow and The Ruby and Annie Smith Family Partnership vs. James Crow and Sandra Ford*, in Cause Number CV 11-10-385. (C.R. 158, 182). Acting as his own attorney, and purportedly acting on behalf of his grandmother, Arma Lee Crow, and on behalf of the Partnership, William Ruth alleged this second lawsuit arose out of the first lawsuit (Cause No. CV 10-02-049) in the District Court of Brown County. The petition references both the San Saba County property as well as Brown County property and The Ruby and Annie Smith Family Partnership. The petition also alleged breach of fiduciary duties, defamation, fraud, and sought the expulsion of James Crow as a partner in The Ruby and Annie Smith Family Partnership. (C.R. 158).

**January 11, 2012 – William Ruth Files This San Saba Lawsuit _Against_ The Partnership**

On or about January 11, 2012, William Ruth, acting as plaintiff, filed this lawsuit against The Ruby and Annie Smith Family Partnership, as defendant, in San Saba County. The petition was entitled "Plaintiff's Original Petition With Request for Disclosure and Request for Admissions." In this lawsuit, William Ruth asserted causes of actions against the Partnership for specific performance, breach of an agreement, and statutory fraud.[4] He also asserted a claim for attorneys' fees. (C.R. 2-5).

To effectuate service of this San Saba Lawsuit on the Partnership, William Ruth had his own mother, Peggy Joyce Ruth, served as a partner of the Partnership. Specifically, William Ruth had his mother execute a waiver of citation. (C.R. 88-89). Not surprisingly, his mother admitted every request for admission served with the original petition. The responses to the request for admissions were mailed on January 19, 2012, only 8 days after the San Saba Lawsuit was filed, and were file-marked on January 20, 2012. (C.R. 90-96). The responses to request for admissions appear to be filed by attorney Charles King as attorney for the Partnership. However, Mr. King has stated that he did not file the responses to

---

[4] Interestingly, William Ruth was suing the Partnership in the San Saba Lawsuit at the same time he was purportedly representing the Partnership in the second lawsuit in Brown County.

request for admissions. Rather, Mr. King states the following in a letter to Judge Stephen Ellis of Brown County, that was copied to the trial court in this lawsuit:

> "Bill Ruth went over Peggy Joyce Ruth's Responses with me via teleconference and then signed them for me. With the Brown County case final and having different Appellate Counsel, my Interest was simply that no judgment be taken against Peggy Joyce Ruth by Bill Ruth. I did not authorize anyone to file anything on my behalf for the partnership; and in looking at the responses, he did not sign for me as attorney for the partnership. It said 'Peggy Joyce Ruth **of** the Partnership, not **for** it."

(C.R. 161) (emphasis in original).[5] Mr. King's letter was in response to a letter by Judge Ellis that was also copied to the trial court in this lawsuit. (C.R. 156-62).

Less than a week after the responses to the request for admissions were filed, on January 25, 2012, Mr. Ruth filed a motion for summary judgment, based in large part on the responses to the request for admissions. (C.R. 35-37). Thereafter, on March 22, 2012, the trial court in the San Saba Lawsuit entered an Agreed Order that was signed by William Ruth and Peggy Joyce Ruth. (C.R. 97-98). This Agreed Order purported to grant William Ruth's motion for summary judgment for specific performance, and alternatively purported to award William Ruth $265,000 as actual damages in the event specific performance was not possible. However, the Agreed Order did not address in any fashion Mr. Ruth's claim for Statutory Fraud. Nor did the Agreed Order address Mr. Ruth's claim for attorneys' fees.

---

[5] Contrary to Mr. King's assertion, the answers to the request for admissions were signed as "Attorney for Defendant." (C.R. 90). And the Defendant was The Ruby and Annie Smith Family Partnership.

7

Finally, the Agreed Order did not include any language indicating that it was a final appealable order, or that it disposed of all parties and all claims. (C.R. 97-98).

The other partners in the Partnership were not aware of these events regarding the lawsuit and the request for admissions. Once they did become aware of the above events, the other partners in the Partnership filed an intervention in the San Saba Lawsuit, and attempted to get a hearing on various matters. However, the court would not allow any hearing. (C.R. 113, 135).

This lawsuit then sat dormant for a number of months, until approximately April of 2013. On or about April 16, 2013, a Notice of Dismissal Docket was purportedly sent out by the trial court. (C.R.168). This Notice indicates it was mailed to the attorney for the three other partners who had filed the Intervention. However, counsel for these other partners never received that notice. Thereafter, on June 26, 2013, the court in the San Saba Lawsuit entered an Order on Dismissal Hearing, dismissing the entire case for want of prosecution. (C.R. 169).

***Consolidation and Further Proceedings in the Brown County Lawsuits***

On September 19, 2013, Judge Stephen Ellis, as the presiding judge of the 35th Judicial District Court, conducted hearings in both Cause Number CV10-02-049 and CV11-10-385. At this time, the trial court granted the consolidation of these two cases into Cause Number CV10-02-049A. The court also entered its

scheduling order in the consolidated case and set it for a preferential trial on the jury docket for April 21, 2014. (C.R. 185).

On December 23, 2013, Peggy Joyce Ruth, James A. Ruth, and William W. Ruth filed a Motion to Dismiss for Lack of Jurisdiction and Standing, Motion for Special Exceptions, Request for Sanctions, and a Request to Modify the Court's Scheduling Order in Cause Number CV10-02-049A. (C.R. 185). William W. Ruth was acting as the attorney for all of the movants on these motions.

On December 30, 2013, The Ruby and Annie Smith Family Partnership filed a Plea in Intervention in Brown County Cause Number CV10-02-049A. (C.R. 185).

On March 17, 2014, for the first time, Peggy Joyce Ruth and her husband, James Ruth, filed a Motion to Abate and Arbitrate in Cause Number CV10-02-049A. The trial court denied the motion to arbitrate and Peggy Joyce Ruth filed an interlocutory appeal in the Eastland Court of Appeals. This resulted in a stay of the Brown County Lawsuit. (R.R. 6-7). That appeal is still pending in the Eastland Court of Appeals under Appellate Cause Number 11-14-00102-CV.

*William Ruth Files Anti-Suit Injunction In San Saba Lawsuit*

On April 14, 2014, William Ruth filed an anti-suit injunction in the San Saba Lawsuit seeking, among other claims, to enjoin the Brown County Lawsuit from proceeding. (C.R. 170-203). On that same date, the trial court below issued a temporary restraining order. (C.R. 224). This temporary restraining order purported to restrain the Partnership and other three partners from pursuing their claims in the Brown County Lawsuit relating to the fraud committed in the San Saba Lawsuit by Peggy Joyce Ruth and William Ruth. (C.R. 225). The order further ordered the Partnership and partners to appear in ***Burnett County*** on April 15, 2015. (C.R. 226). The following day, the trial court entered a modified temporary restraining order. (C.R. 227-230). This modified order entered on April 15th was signed by the trial judge in Burnett County. (R.R. Vol. II, p. 1). Thereafter, on June 25, 2014, while sitting in Burnett County, the trial judge signed the permanent injunction enjoining the Partnership and Sandra Ford from pursuing the claims relating to William Ruth's and Peggy Joyce Ruth's actions in the San Saba Lawsuit. (C.R. 248-49).

## SUMMARY OF THE ARGUMENT

In January of 2012, with two other lawsuits involving William Ruth and The Ruby and Annie Smith Family Partnership already pending in Brown County, Texas, William Ruth and his mother, Peggy Joyce Ruth, embarked on a scheme to cheat other Partnership members by attempting to secretly obtain a summary judgment relating to Partnership property in San Saba County, Texas. To accomplish this scheme, William Ruth: (1) filed this lawsuit against the Partnership in secret; (2) had his own mother served as a partner in the Partnership; (3) had his mother admit multiple request for admissions; and (4) had his mother sign an Agreed Order purporting to grant William Ruth a summary judgment for specific performance allowing him to purchase the Partnership property. Fortunately for the other members of the Partnership, the Agreed Order entered into by William Ruth and his mother was interlocutory when it was originally signed by the trial court, was not sufficiently definite and certain to ever be considered a final judgment, and thus became null and void when this lawsuit was later dismissed for want of prosecution. Because the Agreed Order was not a final judgment, the trial court had no power or authority to enter the anti-suit injunction in this case, and such injunction is void.

**I.** **The Merger Doctrine Did Not Apply To Make The Interlocutory Agreed Order A Final Enforceable Judgment Where The Agreed Order Is Not Definite And Certain.**

The Agreed Order entered by the trial court on March 22, 2012 was an interlocutory order, as that order did not dispose of all claims asserted by William Ruth. Specifically, the Agreed Order did not dispose of Mr. Ruth's claims for statutory fraud and for attorney's fees. (C.R. 5, 97-98). The order also did not include any language stating that it was a final appealable order that disposed of all parties and all claims. Therefore, it cannot be disputed that when the Agreed Order was entered on March 22, 2012, it was not a final judgment. *See Crites v. Collins*, 284 S.W.3d 839, 840 (Tex. 2009); *McNally v. Guevara,* 52 S.W.3d 195, 196 (Tex. 2001); *Lehman v. Har-Con Corp.*, 39 S.W.3d 191, 199-200 (Tex. 2001). It also cannot be disputed that there can be but one final judgment signed in a lawsuit. Tex. R. Civ. P. 301; *Logan v. Mullis*, 686 S.W.2d 605, 609 (Tex. 1985). Thus, the question becomes, "what is the one final judgment entered by the trial court in this case?"

In entering the anti-suit injunction that led to this appeal, the trial court attempts to treat the Agreed Order as the one final judgment, stating: "The Court finds that the judgment entered in this cause on March 22, 2012 is a final judgment." (C.R. 248) In reaching this conclusion, it appears the trial court was

12

attempting to treat it as if the interlocutory order entered on March 22, 2012 was merged or transformed into the one final judgment when the trial court entered its dismissal order on June 26, 2013. However, the Agreed Order cannot be considered a final judgment because it is not definite and certain.

## A. A Final Judgment Must Be Define And Certain.

In order to be a final judgment, "[a] judgment must be sufficiently definite and certain to define and protect the rights of all litigants." *Stewart v. USA Custom Paint & Body Shop, Inc.*, 870 S.W.2d 18, 20 (Tex. 1994). Alternatively, the judgment "should provide a definite means of ascertaining such rights, to the end that ministerial officers can carry the judgment into execution without ascertainment of facts not therein stated." *Id*. If the purported judgment is not definite and if its meaning cannot be determined from the purported judgment, it is not a final judgment. *See id*.

## B. The March 22, 2012 Agreed Order Is Not Definite And Certain.

In the present case, the Agreed Order entered by the trial court is neither definite nor certain. Specifically, the Agreed Order purports to grant judgment for William Ruth for specific performance with respect to a real estate sales contract. (*See* C.R. 97-98). However, the Agreed Order fails to identify the real property at issue whatsoever, much less provide a sufficient description to allow the sheriff or any other ministerial officer to determine what real property was purportedly to be

13

conveyed to William Ruth. Further, the Agreed Order referenced a sale agreement between the Partnership and SRK Ranch, LLC, not William Ruth – which begs the question, "who is actually entitled to specific performance?" (C.R. 97-98). Accordingly, the Agreed Order was not sufficiently definite and certain to be considered a final judgment. *Hatton v. Burgess*, 167 S.W.2d 260, 262-63 (Tex. App.–Beaumont 1942, writ ref'd w.o.m.) (holding that judgment was void where it did not provide sufficient information to identify land awarded to prevailing party).

## II. The Anti-Suit Injunction Entered By The Trial Court Is Void Where There Was No Valid Final Judgment For The Trial Court To Enforce Or Protect.

As a general rule, a trial court retains plenary jurisdiction over a case for thirty days after entry of judgment. Tex. R. Civ. P. 329b(d); *Lane Bank Equip. Co. v. Smith S. Equip. Inc.*, 10 S.W.3d 308, 310 (Tex. 2000). This period can be extended, however, upon the timely filing of various post-judgment motions, such as a motion for new trial. Tex. R. Civ. P. 329b; *Lane Bank*, 10 S.W.3d at 310. In the present case, no motion for new trial or similar motion was filed. Therefore, the trial court's plenary power expired on July 26, 2013, thirty days after the dismissal order was entered. (C.R. 169). Any judicial action taken or order signed after the court's plenary jurisdiction has expired is a nullity and is void. *Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995).

14

It is true that a trial court has the power or jurisdiction to enforce or protect its final judgments even after plenary power has expired. *Arndt v. Farris*, 633 S.W.2d 497, 499 (Tex. 1982); *Wall St. Deli, Inc. v. Boston Old Colony Ins. Co.*, 110 S.W.3d 67, 69 (Tex. App.−Eastland 2003, no pet.). This would include the power to grant an anti-suit injunction to prevent an attack on a *valid* final judgment. *See Rapid Settlements, LTD v. Symetra Life Ins. Co.*, 234 S.W.3d 788, 795 (Tex. App.−Tyler 2007, no pet.). However, in the present case, there was no valid final judgment for the trial court to protect or enforce. As discussed above, the Agreed Order referenced in the trial court's anti-suit injunction was not a final judgment. Rather, the only final judgment was the trial court's June 26, 2013 dismissal order which dismissed the entire lawsuit for want of prosecution. Therefore, the anti-suit injunction, which was entered outside the trial court's plenary power, is a nullity and is void. *Latty,* 907 S.W.2d at 486; *Malone v. Hampton*, 182 S.W.3d 465, 468 (Tex. App.−Dallas 2006, no pet.).

**III.   This Court Of Appeals Has Jurisdiction To Declare The Anti-Suit Injunction Void.**

Because the anti-suit injunction entered by the trial court is void and a nullity, it is actually unnecessary to appeal. *Latty*, 907 S.W.2d at 486. However, "it is nevertheless settled that an appeal may be taken and the appellate court in such a proceeding may declare the judgment void." *Id*. Therefore this Court

should declare that the Agreed Order was not a final judgment because it was not definite and certain,[6] declare the trial court's June 26, 2013 dismissal order is the one and only final judgment that is intact in the court below, and declare the anti-suit injunction entered by the trial court void. *See Latty*, 907 S.W. 2d at 486; *In re Rodriguez*, 2004 WL 814298 *1 (Tex. App.–Amarillo 2004, no pet.). (Tex. App.–Dallas 2006, no pet.).

### IV. The Anti-Suit Injunction Entered By The Trial Court Is Not Specific And Does Not Describe The Acts To Be Restrained In Reasonable Detail.[7]

A judgment for permanent injunction must describe the acts to be enjoined in reasonable detail. *Lagos v. Plano Economic Development Board, Inc.*, 378 S.W.3d 647, 650 (Tex. App.–Dallas 2012, no pet.). However, the injunction should not be so broad as to enjoin a defendant from lawful activities. *Id*.

In the present case, the injunction entered by the trial court attempts to permanently enjoin Sandra Ford and the Partnership "from *moving forward* in the Brown County Lawsuit in collaterally attacking the judgment entered by [the trial court] on March 22, 2012." (emphasis added). However, this injunction does not describe in reasonable detail what acts are to be restrained. Because of this lack of

---

[6] *See supra* Section II.

[7] Appellants strongly believe that this appeal should be decided in Appellants' favor based upon the arguments and authorities set forth in sections I, II and III above, and that the injunction entered by the trial court should be set aside and declared void based upon those arguments and authorities alone. However, in the event this Court disagrees, Appellants further assert that the injunction should set aside for the reasons set forth in sections IV and V.

16

detail, the injunction could possibly be interpreted to preclude the Partnership and other partners from exercising other appropriate legal rights. For example, the Brown County Lawsuit involves, among other causes of action, claims by the other partners and the Partnership against Peggy Joyce Ruth for fraud, conspiracy and breach of her fiduciary duties in secretly participating in and allowing the alleged judgment in the San Saba Lawsuit to be taken against the Partnership. (C.R. 210-222). These claims are in no way barred by the alleged judgment in the San Saba Lawsuit, and the trial court has no basis to enjoin the pursuit of such claims. Yet, due to the lack of reasonable detail and the overbroad nature of the injunction, one could certainly anticipate Peggy Joyce Ruth, who is not even a party to this lawsuit, claiming that the injunction entered in this case prohibits the other partners from "moving forward" and asserting their valid legal claims against her for fraud, conspiracy, breach of fiduciary duty, and many other claims. Because the injunction entered by the trial court is not specific, is overly broad, and possibly attempts to enjoin lawful acts, the trial court abused its discretion in entering such injunction. *Lagos*, 378 S.W.3d at 650-51.

## V. The Anti-Suit Injunction Is Also Void Because It Was Entered In Burnett County.

The first temporary injunction hearing in this case was held on April 15, 2014 in Burnett County, Texas. (R.R. Vol. 2, p. 1). Likewise, a second temporary

17

injunction hearing was held in Burnett County on April 29, 2014. (R.R. Vol. 3, p. 1). Finally, the injunction entered by the trial court was signed by the trial judge sitting in Burnett County. (C.R. 249). However, because William Ruth sought and the trial court granted this anti-suit injunction, venue was mandatory in San Saba County, Texas. Tex. Civ. Prac. & Rem. Code § 15.012; *O'Quinn v. Hall*, 77 S.W.3d 452, 455-56 (Tex. App.–Corpus Christi 2002, no pet.). As a result, the injunction entered by the trial court while sitting in Burnett County is void.

## **PRAYER**

BASED ON THE ABOVE, Appellants respectfully pray that this Court declare that the March 22, 2012 Agreed Order entered by the trial court was an interlocutory order and not a final judgment, that the Agreed Order was not merged into a final judgment because it was not definite and certain, that the trial court's plenary power expired on July 26, 2013, and that the permanent injunction entered by the trial court on June 25, 2014 is void and a nullity and is of no force or effect.

Respectfully submitted:

/s/ Coby D. Smith
**Coby D. Smith**
State Bar No. 00788433

BRACKETT & ELLIS,
A Professional Corporation
100 Main Street
Fort Worth, Texas 76102-3090

18

(817) 338-1700
Facsimile (817) 870-2265
csmith@belaw.com

**ATTORNEY FOR APPELLANT
THE RUBY AND ANNIE SMITH
FAMILY PARTNERSHIP**

AND

/s/ Burt L. Burnett
Burt L. Burnett
State Bar No. 00787171
Majd Ghanayem
State Bar No. 24078556

THE BURNETT LAW FIRM P.L.L.C.,
P.O. Box 1521
Abilene, TX  79604
325-673-4357
325-428-0428 (Fax)
BurtLBurnett@yahoo.com
Majd@burtburnett.com

**ATTORNEY FOR APPELLANT
SANDRA FORD**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was

forwarded to the following counsel of record pursuant to the applicable Rules of

Appellate Procedure:

Robert P. Wilson                    **Via E-Serve: rwlawoffice@yahoo.com**
Law Offices of Robert P. Wilson
26545 IH-10 West, Suite 150

19

Boerne, TX  78006

Frederick F. Hoelke                    **Via E-Serve: fredhoelke@aol.com**
26545 IH 10 West, Suite 100
Boerne, Texas 78006


Dated: January 23, 2015

/s/ Coby D. Smith
Coby D. Smith


## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that this document complies with Texas Rules of Appellate Procedure 9.4, with a font size of 14 point, footnotes in 12 point, and word count of 5,129.


/s/ Coby D. Smith
Coby D. Smith



## CAUSE NO. 9145

| WILLIAM RUTH | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| | § | |
| VS | § | 424TH JUDICIAL DISTRICT |
| | § | |
| THE RUBY AND ANNIE SMITH | § | |
| FAMILY PARTNERSHIP | § | SAN SABA COUNTY, TEXAS |

### AGREED ORDER

On this 22 day of March, 2012, came to be heard the Motion for Summary Judgment duly filed by William Ruth. The Plaintiff, William Ruth, appeared in person and announced ready. The Defendant, Peggy Joyce Ruth, individually, and as a general partner of The Ruby and Annie Smith Family Partnership appeared in person and/or by signing this Agreed Order prior to the hearing.

The Court after considering the Motion, supporting exhibits and pleadings on file in this cause and having heard arguments is of the opinion and finds that said Motion is well taken and should be granted. The Court further finds that Plaintiff is entitled to specific performance as a result of Defendant's breach of contract, but not as to Peggy Joyce Ruth, individually.

The Court finds that there are no issues of material fact and Plaintiff is entitled to Summary Judgment in that there was a binding and enforceable sale agreement between Defendant and SRK Ranch, LLC in which Plaintiff was to obtain an undivided one-third interest and use of the entire property located in San Saba County, Texas which is the subject of this suit. The Court further finds that the Closing was terminated as a result of the criminal conviction of James A Crow, one of the Partners of The Ruby and Annie Smith Family Partnership in which Crow is jointly and severely liable for any and all damages. The Court further finds that Defendant Peggy Joyce Ruth has authority to sign the Agreed Order on behalf of the Partnership because no managing partner was designated and in accordance to §152.302.

IT IS THEREFORE ORDERED that Plaintiff, William Ruth, have summary judgment against Defendant for breach of agreement and for specific performance.

IT IS FURTHER ORDERED that in the event that specific performance is not possible, Plaintiff, William Ruth, have judgment against Defendant for the sum of $265,000 for his actual damages arising from Defendant's failure to prevent such damages.

SIGNED this 22 day of March, 2012.

_____
PRESIDING JUDGE

**APPROVED AND ENTRY REQUESTED**

_____
WILLIAM W. RUTH

_____
PEGGY JOYCE RUTH

FILED 22 2012
at _____ o'clock ____ __.M.
District Clerk, San Saba County, Texas
By_____Deputy

# APPENDIX "B"

CAUSE # 9145

IN THE DISTRICT COURT

WILLIAM RUTH
VS
THE RUBY AND ANNIE SMITH
FAMILY PARTNERSHIP

33RD. JUDICIAL DISTRICT

SAN SABA COUNTY, TEXAS

ORDER ON DISMISSAL HEARING

On this the ⸱ day of June, . the above entitled and numbered cause was called for dismissal hearing pursuant to Rule 165a, Texas Rules of Civl Procedure.

Appearances;
Pltf/Pet ( ✓)did not appear   ( )appeared   ( )by attorney_____
Def/Res ( ✓)did not appear   ( )appeared   ( )by attorney_____
_____ ( )did not appear   ( )appeared   ( )by attorney_____
_____ ( )did not appear   ( ⸱)appeared   ( )by attorney_____

( ✓) ORDER DISMISSING
 Good cause for maintaining case on docket not having been shown, IT IS ORDERED said case hereby DISMISSED for want of prosecution, with court costs taxed against ( )Plaintiff/Petitioner   ( )Defendant/Respondent
( )Party incurring same      ( )Other

 Signed this 26TH. day of June, 2013

_____

( )ORDER MAINTAINING ON DOCKET
    Good cause for maintaining case on docket having been shown, IT IS ORDERED that said case is to remain on the docket of this Court, subject to the following pre-trial order;
    1.  Parties and counsel are ORDERED to appear before _____
for alternate dispute resolution through arbitration and to comply with all instructions and directives of said arbitrator.
    2.  Final trial set for the _____day of _____,20___, at _____a.m

    3.  _____

        _____

        _____

    A pre-trial conference with the Court may be held if requested, in writing by any party at least 14 days prior to trial date.
    Failure to comply with this pre-trial order may, at the discretion of the Court, subject the defaulting party to sanctions as provided under the Texas Rules of Civil Procedure.
    Signed this the 26TH. day of June, 2013

_____


FILED
June 26, 2013
_____ o'clock ___ M.
District Clerk, San Saba County, Texas
by_____Deputy

156.



# APPENDIX "C"

## CAUSE NO. 9145

| | | |
|---|---|---|
| WILLIAM RUTH, JUDGMENT CREDITOR | § | IN THE 424th JUDICIAL |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | DISTRICT COURT OF |
| ARMA LEE CROW, JAMES ALBERT CROW, SANDRA FORD | § | |
| and THE RUBY AND ANNIE SMITH FAMILY PARTNERSHIP | § | SAN SABA COUNTY, TEXAS |
| | § | |
| Defendants | § | |

## PERMANENT INJUNCTION

On this the 25th day of June, 2014 came on for consideration the hearing on the Plaintiff, William Ruth's request for a permanent injunction in the above styled cause. The Plaintiff appeared in person and through his counsel. On the 17th day of June, 2014 the Court entered a Default Judgment as to liability only against Sandra Ford and the Ruby and Annie Smith Family Partnership setting the entry of a permanent injunction, turn over order and damages for the 25th of June, 2014. Judgment Creditor Plaintiff Ruth on this day has requested only the entry of the permanent injunction and a severance of the other claims inclusive of the turn over order. The Defendants, Arma lee Crow, Sandra Ford and the Ruby and Annie Smith Family Partnership were cited and given notice of this hearing but did not appear. The Defendant James Albert Crow is incarcerated and was not served. Mr. Crow did not appear.

The Court after considering the argument of counsel and considering the evidence presented hereby makes the following findings and ruling:

    a.  The Court finds that the judgment entered in this cause on March 22, 2012 is a final judgment;

b. The Court finds that the Defendants in their lawsuit styled Arma Lee Crow et al v. William Ruth et al. Cause No. CV10-02-049-A filed in the 35th Judicial District Brown County Texas (the "Brown County" litigation) seeking to set aside this judgment are attempting to collaterally attack the judgment;

c. The Court finds that the Defendants Sandra Ford and The Ruby and Annie Smith Family Partnership were served with citation and process and failed to answer and or make an appearance.

d. The Court finds that it should enter the Permanent Injunction as to Sandra Ford and The Ruby and Annie Smith Family Partnership and these parties are permanently enjoined from moving forward in the 35th District Court in collaterally attacking the judgment entered by this court on March 22, 2012 .

e. The Court further severs this permanent injunction from the rest of the underlying claims and instructs the clerk to issue a new cause number for the remaining un-adjudicated matters. The purpose of this severance is to allow the permanent injunction against these parties to become a final judgment.

Executed and entered this the 25 day of June, 2014.

_Dan H Mills_
Honorable Judge Mills
Sitting in Burnet County

FILED
June 25 2014
3:05 o'clock __ M.
District Clerk, San Saba County, Texas
by District Clerk, San Saba County Deputy
by _____ Deputy